RENEE BOUCICAULT, Plaintiff, *v.* FREDERIC C. LEUBUSCHER, a Trustee, etc., Defendant.

Supreme Court, New York Special Term, December 23, 1924.

Trusts — action by creator of trust agreement for revocation thereof - agreement created trust for sole benefit of plaintiff until her deat when it was to terminate — estate then was to be held in trust f daughter unless executors retained therefrom funds to complete pa ments to named legatees — if plaintiff died intestate, estate was pass under Statute of Distributions — daughter did not acquire veste interest in trust estate — motion by plaintiff for judgment on pleadin granted.

In an action to revoke a trust agreement, plaintiff's motion for judgment on t pleadings should be granted, where it appears that the trust was created f the sole benefit of the plaintiff until her death when it was to terminate; th at its termination the estate was to be held in trust for her daughter unless t executors of her will found it necessary to retain sufficient funds to comple payments of certain bequests to named legatees after which they were to p the remainder to the trustee under the will for the benefit of the said daught and that if the plaintiff should die intestate or should fail by her will to disp of the balance of her estate it should pass under the Statute of Distributio

The daughter did not acquire such a vested interest in the trust estate as prevent a revocation of the agreement without her consent.

MOTION by the plaintiff for judgment on the pleadings in action to revoke a trust agreement.

*Gordon S. P. Kleeberg,* for the plaintiff.

*Frederic C. Leubuscher,* attorney in person.

*Herman Joseph,* special guardian and attorney in person.

Levy, J.:

Motion by plaintiff for judgment on the pleadings. The action was brought to revoke a certain trust agreement and for other relief incidental. The answer interposed sets in motion only the issue presented by the 9th paragraph of the complaint which alleges that such agreement is revocable and terminable at the will of the plaintiff.

The plaintiff created a trust for the benefit and use of her daughter, and she now seeks to have the same set aside and have herself declared the only person beneficially interested therein. The defendant, Leubuscher, who by the instrument was made trustee, denies that the trust thus created was revocable and asserts that the *cestui que trust* possesses a beneficial interest of which she cannot now be deprived by attempted revocation, her right having been made absolute upon the creation of the trust. A question of law is thus presented and its determination depends upon the construction of the instrument by which the trust was thus created.

The trust agreement shows that the trustee named therein was to pay to the plaintiff during her natural life all the interest accruing from the trust, and upon her death the trust was to terminate and the balance of the estate so held in trust was to be turned over by the trustee to the executors of said plaintiff as might be named in her last will and testament which in turn was to be delivered by them to the trustee likewise to be named in said will, for the benefit of her daughter. It seems that it was also provided that if the remainder of the estate should not suffice to pay all the bequests made in that will, the executors were to be authorized and empowered to withhold such part of such trust fund as might be necessary to discharge such bequests, *before* paying the corpus together with any accumulations, to the trustees under the will for the benefit of the plaintiff's daughter. It was further provided that in the event that the plaintiff should die intestate or should fail by her last will and testament to dispose of the balance of the estate and the property so held in trust, the trustee under the agreement was directed to transfer, deliver and pay over the same to the persons who should then constitute the next of kin and heirs at law of the plaintiff in proportion and in the manner as the laws of the State of New York may provide for persons dying intestate. These provisions, plaintiff contends, indicate an intention that the trust created was not an irrevocable one. The defending trustee, however, and the special guardian of the infant, the *cestui que trust*, assert that by the provisions of the trust agreement said *cestui que trust* acquired a vested

interest, and to strengthen their position they cite the preamble
the trust agreement which reads as follows:

" WHEREAS, the party of the first part is desirous of preservin
the principal of the securities hereinafter mentioned and the avai
thereof, for the benefit of her daughter, Arline Patricia Boucicau
and to devolve the care and management thereof on the par
of the second part, so as to be relieved therefrom, the income there
to be paid to the party of the first part during her lifetime: "

This recital would seem to lend weight to the position of t
defendant. However, in construing an instrument of this natu
the court must look to it in its entirety and must interpret t
intention in that manner which would give effect to all the claus
embodied therein. (*Hill* v. *Philo*, 171 App. Div. 962; *Buff*
*East Side R. R. Co.* v. *Buffalo St. R. R. Co.*, 111 N. Y. 132, 13
The context of the entire instrument and the intent gathered mu
not yield to any refinement of language in arriving at a pro
translation. In this connection here, the intent and purpose
the creator of the trust need only be considered.

If we read the instrument as a whole, the obvious expressi
of the intention of the creator of the trust is ascertained. It v
be seen that it was created for the sole benefit of the plaintiff un
her death at which time it was to terminate. This particu
estate was then to be held in trust for her daughter, unless t
executors were required to retain therefrom sufficient to compl
payment of certain bequests to named parties and then were
pay the remainder to the trustee under the will for the benefit
the daughter. This would seem to indicate that the *cestui*
*trust* did not acquire a vested interest in the trust estate. T
provision for the payment to named legatees was inconsist
with and repugnant to the vesting of the estate. Any intenti
to the contrary, if one may be said to exist by virtue of
expressions contained in the preamble, is unavailing to the defend
unless that seeming intention was carried into effect by the expr
provisions of the entire instrument. This was not accomplish
The creator, however, not only made provision for the terminat
of the trust upon her death and for the payment of the princi
to legatees before anything was payable to the trustee for
benefit of the daughter, but in effect made it entirely possible
defeat the very provisions for the benefit of the latter. T
further provision that if she died intestate the estate was to fol
the process of devolution to her next of kin in such manner
provided by the Statute of Distribution, is but additional evide
of this. She thereby unequivocally indicated her primary
positive intention. Under these circumstances, it cannot be s

that the daughter acquired a vested interest. (*Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706; *Schwartz* v. *Fulton Trust Co.*, 119 Misc. 831; *Cruger* v. *Union Trust Co.*, 173 App. Div. 797.)

In the *Schwartz Case* (*supra*) Mr. Justice McAvoy at the Special Term in a terse but very able opinion took occasion to declare that where a trust deed names the settlor herself as sole beneficiary during her life, she may revoke it at pleasure, even if it recites that it is irrevocable.

I find, therefore, that it was the intention of the plaintiff to create a vested interest in herself only, and that the *cestui que trust* did not secure that interest which made necessary her consent to terminate the trust. The agreement may be revoked at the will of the moving party and accordingly this motion is granted. Settle order on two days' notice.