In the Matter of the Estate of CHARLES W. PRATT, Deceased.

Surrogate's Court, Oneida County, July 15, 1935.

*A. Raymond Cornwall*, for the petitioner.

*Clarence R. Sperry*, for the executor.

EVANS, S.   The testator died on the 2d day of April, 1934, leaving a last will and testament bearing date the 25th day of July, 1930, that was duly admitted to probate in this court on the 11th day of April, 1934.   The testator was survived by his widow, Iva D. Pratt, and a son by a former marriage, Walter K. Pratt.   The inventory shows a gross personal estate of $1,118,270.43.

The second paragraph of the will reads in part as follows: " I give and bequeath an annuity of three thousand dollars to my wife, Iva Pratt for her life providing that she shall remain unmarried, but in the event of her remarriage said annuity is to cease."

It is further provided that the executor shall pay the annuity at the rate of $250 monthly.   Another annuity of $900, payable $75 monthly, is provided for Delia Karlen, a former employee of the testator.   The residuary estate passes to the son, Walter K. Pratt, who is named as executor and specifically exempted from furnishing an official bond.

It is the contention of Iva Pratt, the petitioner, that it was the intention of the testator to create a trust for her benefit and that of Delia Karlen and that the will should be so construed and that Walter Pratt, named as executor, should also be considered a trustee and obligated to furnish a bond for the faithful performance of his duties.

Reduced to its lowest terms, the claim of the widow is that the testator inadvertently neglected to segregate a portion of his estate to safeguard the payment to her of $3,000 annually. She calls attention to the possibility of the estate being depleted through mismanagement, unfortunate investments and other causes in the unknown future. Whatever force these speculations may possess, it is evident that the testator did not share in these apprehensions of his wife. He left an estate valued in excess of $1,000,000, and according to all accounts the son, acting as executor, is a man of substantial means of his own.

The will is very specific and emphatic in its direction that no bond shall be required of the executor. There is ample evidence that the testator had confidence in his son. There is no evidence at this time to challenge or question the integrity or business capacity of the executor. The elements constituting a trust are lacking in this case, viz.:

(1) A designated beneficiary.

(2) A designated trustee who must not be a beneficiary.

(3) A fund or other property sufficiently designated or identified to enable title to pass to the trustee.

(4) The actual delivery of the fund or other property or of a legal assignment thereof to the trustee with the intention of passing legal title thereto to him as trustee. (*Brown* v. *Spohr*, 180 N. Y. 201.)

We should not make a new will for the testator. (*Greene* v. *Greene* (125 N. Y. 506).

The testator evidently thought that a million dollar estate might easily care for these comparatively small annuities. In any event there is nothing dubious in the phraseology of the will. " The context of the entire instrument and the intent gathered must not yield to any refinement of language in arriving at a proper translation." (*Boucicault* v. *Leubuscher*, 124 Misc. 232.)

I hold and decide that no trust was created in the will and that no bond is required of the executor.

Decreed accordingly.