### FIDELITY UNION TRUST CO. v. KELLY, Collector of Internal Revenue.
### No. 6864.

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1939.

Hood, Lafferty & Campbell, of Newark, N. J., and Henry P. Molloy, of New York City (Henry P. Molloy and Melville J. France, both of New York City, and George H. Brown, of Newark, N. J., of counsel), for appellant.

Jas. W. Morris, Asst. Atty. Gen., and J. Louis Monarch, W. Croft Jennings, and Jerome P. Carr, Sp. Assts. to Atty. Gen., John J. Quinn, U. S. Atty., of Red Bank, N. J., and B. Thorne Lord, Asst. U. S. Atty., of Trenton, N. J., for appellee.

Before BIGGS, MARIS, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

On June 1, 1932, Florence M. Wallace, by written instrument, created an irrevocable trust in favor of her three children and the sole question involved in this tax case is whether the trust instrument created three separate trusts or a single one. The taxing authorities held a single trust was created and collected the tax on that basis. Thereupon the taxpayer paid under protest, and in the court below sued

to recover on the theory that separate trusts were created for each of Mrs. Wallace's three children. The court sustained the government's contention and entered judgment for the Collector. Thereupon the trustee of the taxpayer took this appeal.

The trust agreement recited in its preamble that (italics ours) "the Grantor *desires to create a trust* of the contract, license agreement, royalties and/or securities, a list of which is attached hereto, with such additions as may be made from time to time hereafter, *for the purposes herein set forth;"* By clause I the trust instrument assigned the property described in the schedule to Fidelity Union Trust Company, as trustee, in trust "to have and to hold the same *for the following uses and purposes and subject to the terms, conditions* and powers hereinafter set forth." Clause 2 provides: "The Terms of the Trust: To receive the Trust Funds in accordance with the provisions of this instrument and *to divide* them into three (3) equal parts, and to hold *one of said parts* in trust for each of the three children of the Grantor, to wit: Jane Murry, Barbara Stewart and Elizabeth Glover Wallace, which *several three* Trusts shall be known by the names of the said three children, and to continue to hold the principal of *each of said Trusts* throughout the *lifetime of the* survivor of said three children unless any of them shall be terminated prior thereto in whole or in part in accordance with the provisions of this instrument, or unless terminated by the expiration of the property rights described in the annexed schedule, and to invest and reinvest, sell, purchase, exchange, deal with, manage and control *each of said Trust Funds and the securities thereof,* and to collect the gross income therefrom."

By subdivision (a) provision was made for the education and support of each child as follows: "(a) *Subject to subdivision B C D of this paragraph,* during the lifetime of the Grantor the Trustee in his or its discretion shall apply the net income of each Trust, so far as it may be deemed advisable and necessary, to the education and support of the child of the Grantor for whom *each of said* Trusts has been created and income not so required shall be by the Trustee invested and *added to the corpus of the Trust* from time to time when the Trustee shall determine that it is no longer necessary for such education and support, and if such child should die then it shall be applied in the same manner to the issue of such child per stirpes."

By subdivision (b) provision was made for the education and support of each child and making up the father's income as follows: "(b) While the husband of the Grantor is living to pay over to him such part of said net income of each of said Trust Funds as he shall request and as shall be required to make his income from all sources Twenty-five thousand Dollars ($25,000) per year, and to apply the balance to the *education and/or support of each* of said children, and upon the death of the Grantor and of the said husband of the Grantor to apply said *income of each of said trusts* insofar as necessary, to the education and support of *each said child during the lifetime of each such child* (investing the balance until required for that purpose), and if any child shall die then to the issue of each, per stirpes."

By subdivision (c) provision was made for paying to any child who has shown capacity to manage the separate trust fund created for it, as follows: "(c) During the lifetime of the Grantor the Trustee may after the majority of *any child of the Grantor,* if in the opinion of the Trustee *such child has shown a capacity* to manage the investment of the principal, distribute to such child any part of the principal of the Trust Fund *held for such child,* and after the death of the Grantor and the husband of the Grantor when and if any child shall have reached the age of thirty-five (35) years, and if thereafter requested by *such child* while competent, the Trustee shall pay over one-half of the principal and accumulated income to *such child;* and upon *such child* reaching the age of forty (40) years, and upon the same condition, the Trustee shall pay over the remainder of the principal and accumulated income of such Trust Fund to *such child."*

Ultimate distribution of the funds is provided for in subdivision (d), as follows: "(d) Any balance of the principal *of each Trust* not so distributed shall, upon the death of such child, be distributed in accordance with his or her Last Will and Testament, and failing such instrument then to his or her issue per stirpes,

and failing such issue then in accordance with the Statutes of Descent and Distribution as applied to such deceased child."

The provisions for amendment are contained in clause 6, as follows: "This Trust Agreement *with respect to each of the Trusts herein created* is irrevocable, except as herein provided. No amendment in this agreement *with respect to any Trust created thereby* shall be made prior to January 1st, 1940, and thereafter during the year 1940 any amendment may be made by the Grantor but only with the written consent annexed hereto of a beneficiary who has a substantial adverse interest in the income of the *Trust in which the amendment is to be made,* and after the year 1940 such amendment may be made but only with the consent of the child of the Grantor who is the beneficiary under the *Trust with respect to which such amendment is made,* together with the consent of the husband of the Grantor, if living, and the consent of the then Trustee. No amendment or change of any kind whatsoever shall in any event be made by which the Grantor shall acquire or receive any interest of any kind whatsoever in either the principal or income of *any trust created hereby.*"

The court below took the view that by expressing in the preamble her desire "to create a trust", the grantor had indicated her intention to create a single trust and that this was controlling over the contrary expressions in the body of the trust agreement.

It is undoubtedly true that it is the intention of the grantor which controls. This intention is to be gleaned from the entire instrument, however, and not merely from the preamble. Indeed the expression of intention contained in the preamble must be disregarded if it appears that it has not been carried into effect by the granting clauses. Boucicault v. Leubuscher, 124 Misc. 232, 207 N.Y.S. 1.

In the case before us we think it is clear from the clauses of the trust agreement which we have quoted that it was Mrs. Wallace's intention to create three separate trusts, one for each of her children. The situation is substantially the same as appeared in the case of United States Trust Co. v. Commissioner, 296 U.S. 481, 56 S.Ct. 329, 80 L.Ed. 340, after the amendments of the trust deed in that case. The Supreme Court there held that the amendments were effective to create separate trusts in the hands of a single trustee even though the trust securities were not physically divided, an undivided interest in the whole being assigned to each trust. That case rules the present one.

The judgment is reversed and the court below is directed to enter judgment for the plaintiff for the amount of its claim.