**BRITTEN et al. v. UNITED STATES.**
**Civil Action No. 1749.**

District Court, D. New Jersey.
June 15, 1945.

Orlando H. Dey, of Rahway, N. J., for plaintiffs.

Thorn Lord, U. S. Atty., of Newark, N.J., Grover C. Richman, Jr., Asst. U. S. Atty., of Camden, N. J., Samuel O. Clark, Jr., Esq., Asst. Atty. Gen., and Andrew D. Sharpe and Ruppert Bingham, Sp. Assts. to Atty. Gen., for defendant.

FAKE, District Judge.

This is an income tax case instituted here under the authority of Title 28 U.S.C.A. § 41(20). Plaintiffs allege an overpayment of certain captial gains taxes for the year 1935 paid under protest, and now seek a recovery thereof with interest.

The question to be decided is whether the taxes so paid were properly taxable against the executors as such, under the will, thus falling on the estate as a whole, or against three separate trusts set up by the will and so falling severally on the respective trusts.

The testator by his will made certain specific devises and bequests and directed the payment of debts and funeral expenses, and then by the Seventh paragraph thereof provided as follows: "I give, devise and bequeath all the rest, residue, and remainder of my estate * * * to my executors * * * *in trust, nevertheless,* to divide the same into two equal shares hereinafter referred to respectively as the 'Wife's Share' and the 'Children's Share' ", and by clause (b) of the same paragraph he provided that the Children's Share be divided into as many equal parts as he had children surviving. Testator left him surviving a widow and two children, hence three trusts are involved.

The answer to the question depends upon a proper construction of the will under the pertinent state law.

It is clear, I think, that by his will the testator intended that his widow and children would be entitled to the income of the trusts from the date of his death. Gates v. Plainfield Trust Co., 121 N.J.Eq. 460, 191 A. 304, affirmed, 122 N.J.Eq. 366, 194 A. 65. It follows therefore that the *equitable* titles to the respective trusts ac-

tually vested in the cestuis qui trustent immediately on the testator's death. Since titles are never strictly in abeyance and since the existence of a cestui qui trustent requires also the existence of an outstanding legal title, it must be found that the trustees then also became vested with the *legal* titles to the trusts at the death of testator.

It is urged by the defendant that because the executors did not specifically set up on their books the three several trusts or deal with them as separate trusts until the year 1938, the capital gains for the year 1935 inured to the estate as a whole.

In this connection the old maxim, "Equity looks on that as done which ought to be done", would seem to apply. Looking then to what ought to have been done here, it is seen that the capital gains for the year 1935 were in reality the gains of the respective trusts and although they were not then actually set up on the books as separate estates, they must now be construed as set up as of testator's death. Matter of Hibbler, 78 N.J.Eq. 217, 78 A. 188, affirmed, 79 N.J.Eq. 230, 81 A. 1133. See also Roebling v. Commissioner, 3 Cir., 78 F.2d 444, and Fidelity Union Trust Co. v. Kelly, 3 Cir., 102 F.2d 333. Therefore, in the instant case it appearing that the executors took no beneficial title to the capital gains but acted only in an administrative capacity in relation thereto, the gains cannot be said to inure to them or through them to the estate. This is so even though it appears that in some instances they may have dealt with the several estates on the erroneous assumption that but one estate was involved.

Judgment will be entered in conformity herewith on notice.