**BRITTEN et al. v. UNITED STATES.**

Civil Action No. 1749.

District Court, D. New Jersey.

Dec. 6, 1945.

For former opinion, see 60 F.Supp. 991.

Orlando H. Dey, of Rahway, N. J., for plaintiffs.

Edgar H. Rossbach, U. S. Atty., of Newark, N. J., and Edward V. Ryan, Asst. U. S. Atty., of Jersey City, N. J., for defendant.

FAKE, District Judge.

This case was before the Court on defendant's motion for summary judgment after answer filed. The points at issue were considered on oral arguments and on briefs filed resulting in an opinion of the Court reported in 60 F.Supp. 991, holding that under the terms of the will, the capital gains involved, inured to the benefit of the cestuis que trustents individually and not to the estate as a whole.

A motion to reconsider the opinion is addressed to the Court and supplemental briefs have been presented by both sides. Notwithstanding further careful consideration, I cannot bring myself to the view that error appears in the opinion heretofore rendered. In fact, there is further confirmation for the result arrived at, in the case of Brewster v. Gage, 280 U.S. 327, at page 334, 50 S.Ct. 115, 74 L.Ed. 457, not heretofore considered, which is a case founded partly on Cook v. McDowell, 52 N.J.Eq. 351, 30 A. 24. In the Brewster case [280 U.S. 327, 50 S.Ct. 116], the Court says: "Upon acceptance of the trust there vests in the administrators or executors, as of the date of the death, title to all personal property belonging to the estate; it is taken, not for themselves, but in the right of others for the proper administration of the estate and for distribution of the residue. The decree of distribution confers no new right; it merely identifies the property remaining, evidences right of possession in the heirs or legatees, and requires the administrators or executors to deliver it to them. The legal title so given relates back to the date of the death. * * * Petitioner's right later to have his share of the residue vested immediately upon testator's death. At that time petitioner became enriched by its worth, which was directly related to and would increase or decline correspondingly with the value of the property."

The motion to reconsider is therefore denied.

After the opinion was filed herein, plaintiffs moved for judgment final on the record, in short, judgment for the plaintiffs on the face of the complaint and answer. The answer alleges, among other things, that an error was made in the calculation of the capital gains tax which plaintiffs seek to recover, in that the tax was originally computed upon a capital gain of $71,302.35 when it should have been computed upon a capital gain of $83,-967.96, and by virtue thereof there should be a credit in favor of the defendant for the amount of the difference in tax thus involved which amount has not as yet been calculated. As to this specific item, it is stated in plaintiffs' brief that: "Plaintiffs concede that this contention is fair." They

reserve, however, the right to question the amount until afforded an opportunity to verify defendant's method of calculation. As to the application of the statute of limitations, 26 U.S.C.A. Int.Rev.Code, § 275: It is my view that the credit sought here by the defendant falls within the rule laid down in the cases hereinafter cited and should be allowed when properly calculated.

 The motion to amend the answer by bringing in new subject matter is denied because the matter thus sought to be introduced cannot be recouped or set off under the rulings in Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, McEachern v. Rose, 302 U.S. 56, 58 S.Ct. 84, 82 L.Ed. 46, and Commissioner v. Gooch Co., 320 U.S. 418, 64 S.Ct. 184, 88 L.Ed. 139.

Judgment will be entered for the plaintiffs for the amount sued for less the credit above mentioned. An order of the Court should be entered on notice.