## LITTLE v. WHITE, Collector.

### No. 2513.

Circuit Court of Appeals, First Circuit.

March 10, 1931.

Harrison M. Davis, of Boston, Mass. (Felix Rackemann, of Boston, Mass., on the brief), for appellant.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an action at law to recover a sum paid the defendant as an additional income tax alleged to have been illegally assessed and collected for the year 1924 in respect to certain income of the estate of David P. Kimball, which, in accordance with the terms of his will, the plaintiff had received in the year 1924, but had failed to include in her individual tax return for that year.

The case was tried before the court, a jury having been waived in writing, on an agreed statement of facts. In the District Court judgment was entered for the defendant, subject to exception, and the case is brought here on appeal.

It appears that in 1924 the executor of the estate of David P. Kimball paid the plaintiff $29,832.84, which was her distributive share of the income from the estate and which she was entitled to have paid to her by it; she being a legatee under the will of her father. The gross income of the estate was $146,193.30. The federal estate tax paid by the executor was $146,329.29, which alone and apart from other allowable deductions was greater than the gross income of the estate. In his income tax return for the year 1924, the executor deducted the federal estate tax and some other deductible sums, but did not include therein the amount of the income paid the plaintiff under the will. The Commissioner, however, in 1929, in reassessing her tax, included in the gross income of the plaintiff the amount paid her by the executor and assessed thereon an additional tax, which was paid.

As stated in the plaintiff's bill of exceptions, the question at issue is "the construction of clause (3) of subsection (b) of section 219 of the Revenue Act of 1924, and whether or not the plaintiff's said share of the income of the estate of said David P. Kimball was required by said clause (3) to be included in computing the plaintiff's net income for the purpose of the federal income tax."

The plaintiff's contention is that she was not required to include in her individual return her share of the income of the estate that was paid her, because it had not been included in the sum deducted by the executor in his return of the income of the estate for 1924. The government contends that, under the Revenue Act of 1924, the portion of the income paid to the plaintiff that year from the estate should be included as a part of her individual gross income in ascertaining her taxable income for that year.

In the Revenue Act of 1924 it is provided:

"Sec. 213. For the purposes of this title, except as otherwise provided in section 233—

"(a) The term 'gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real

or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title: * * *

"(3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." 26 USCA § 954.

"Sec. 219 (a) The [normal and sur-] tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including— * * *

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate. * * *

"(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that— ҉ * *

"(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount [required to be] so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary." 26 USCA § 960 note.

Section 213(a), defining what shall be included in the gross income of individuals, is very broad, and, after specifying income from various possible sources, it provides that "income derived from any source whatever" shall be included; while (b)(3) of that section, although excluding "property acquired by gift, bequest, devise, or inheritance," includes the income from such property. And we think that (b)(3) of section 219 (which section directs how income returns for estates and trusts shall be made up, referring only incidentally to individual incomes) does not, by inference, make a case where the income going to a beneficiary is not in fact deducted from the income of the estate an exception to the above positive provisions of section 213, but rather enforces those provisions by impliedly requiring the fiduciary to deduct such income in making up the estate's return and by providing that the collector shall allow such deduction, and that "the amount [required to be] so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary." As was said in Riker v. Commissioner of Internal Revenue (C. C. A.) 42 F. (2d) 150, 151, while the Revenue Act of 1921 (42 Stat. 227) gave the estate permission to make the deduction, "in 1924 Congress changed the law to make such a deduction compulsory."

It being compulsory both for the fiduciary to claim and the collector to allow the deduction, the plaintiff cannot escape the plain requirements of section 213, supplemented by section 219(b)(3), and should have included the amount received as income from her father's estate in computing her net income for 1924.

The judgment of the District Court is affirmed, with costs to the appellee.