## WHITAKER v. UNITED STATES.
### No. 2743 Civil.

District Court, D. Wyoming.
Dec. 23, 1941.

C. R. Ellery and A. G. McClintock, both of Cheyenne, Wyo., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and F. A. Michels, Sp. Assts. to Atty. Gen., and Carl L. Sackett, U. S. Atty., and John C. Pickett, Asst. U. S. Atty., both of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge.

This is a suit in which the plaintiff seeks to recover income taxes in the sum of $5,119.51, with interest, paid for discharge of an income tax deficiency assessment levied against her for the year 1937. Issue was joined, and upon request of counsel the case was submitted upon a stipulation of facts and the non-controverted issues raised by the pleadings, and the case subsequently briefed and orally argued.

In abbreviated form, from the facts presented in the manner heretofore indicated, it appears that Dugald R. Whitaker, being a citizen of the United States and a resident of Cheyenne, Laramie County, Wyoming, died July 19, 1936, and left a last will and testament which was duly admitted to probate in the proper court of said county and state, in which last will and testament it was directed that after his just debts and funeral expenses should be paid that two specific legacies of $30,000 each should be paid to his daughters and that the remainder of said estate of whatsoever kind and character should be distributed to his widow, Elizabeth S. Whitaker, the plaintiff herein. The estate was thereafter duly probated and in August, 1937, after all debts, taxes and expenses of administration had been paid, together with these specific legacies in said will provided, the residue of said estate was duly distributed under a decree to the plaintiff. During the administration of said estate income was received in both years, 1936 and 1937, which was accounted for in appropriate returns by the executrix named in said will, who is the plaintiff herein, and such taxes thereafter paid. In the year 1937 an income was received by said estate in an amount exceeding $18,000 but that during said time there was disbursed by the executrix necessary and allowed expenses of administration in an amount in excess of $25,000 and said specific legacies of $60,000 were likewise paid. For the year 1937 the executrix returned the appropriate amount as the income of said estate, less appropriate deductions, and

paid a tax thereon in excess of $1,500. This tax the Internal Revenue Commissioner afterwards determined as overpayment, tendered it back (which by agreement is held in status quo, pending the outcome of this litigation), and assessed a deficiency tax growing out of the amount distributed to her as residuary legatee under the Will in the amount heretofore stated. The estate of the decedent for federal inheritance tax purposes was adjusted at a sum of $328,000 and as assessable for tax purposes in excess of $302,-000. The actual amount distributed to the plaintiff as residuary legatee made up of the total gross estate, less all disbursements, including expenses of administration, taxes and specific legacies, was approximately $280,000.

The question posed is as to whether the plaintiff as residuary legatee is chargeable with the income of said estate during the year 1937. The plaintiff's claim is that said income was chargeable for tax purposes against said estate during the period of administration and if so the obligation has been fully discharged; while the defendant contends that the income of the estate during that year really accrues to the residuary legatee and upon which she should pay the tax. The difference in dollars and cents is that on account of the computing formula the tax against the plaintiff is considerably greater than that against the estate.

Without going at length into a specific statement of the various statutes said to be involved in the controversy, reference is made to 26 U.S.C.A., Int.Rev.Code, §§ 161 and 162, which provide that taxes upon individuals shall apply to the income of estates or of any kind of property held in trust, including income received by estates of deceased persons during the period of administration or settlement of the estate; that the net income of the estate shall be computed in the same manner and on the same basis as in the case of an individual, except that in the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which in the discretion of the fiduciary may be either distributed to the beneficiary or accumulated and shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate for its taxable year which is properly paid or credited during such year to any legatee, heir or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary; and 26 U.S.C.A., Int.Rev. Code, § 22, provides that the value of property acquired by gift, bequest, devise or inheritance shall not be included in gross income and shall be exempt from taxation but the income of such property shall be included in gross income.

Section 88–2309, Wyoming Revised Statutes 1931, provides that the executor or administrator is entitled to the possession of all real and personal estate of the decedent and to receive the rents and profits of the real estate until the estate is settled or until delivery over by order of the Court to the heirs and devisees. Section 88–2602 provides that the executor or administrator is chargeable in his account with the whole of the estate of the decedent which may come into his possession at the value of the appraisement with certain exceptions and with all the interest, profit and income of the estate. 88–2805, W.R.S., provides that upon the settlement of the accounts of the executor or administrator, the Court may make an order for the payment of the debts, as the circumstances of the estate require. Under the Wyoming statute it would seem that there is no distinction of consequence made in the handling of real estate and personal property so far as primary administration is concerned, except perhaps as to the preferential payment of expenses and debts out of one class of property. However, that distinction is of no consequence in the query at hand.

Inasmuch as what has been said in regard to the general provisions of the will, it is apparent that the testator said nothing in the way of directing what should be done with the income of said estate as distinguished from the corpus and under the statutes of the state it is likewise apparent that it was the duty of the executrix to add this income to the corpus and account for it in like manner. This, in connection with the Federal Statute, which provides that the estate of deceased persons during the period of administration or settlement shall bear the tax imposed the same as individuals, would certainly make it appear on the surface at least, as though the estate and not the beneficiary should be chargeable with the tax in controversy here. Notwithstanding these pro-

visions of the statute, the defendant contends that nevertheless under some circumstances, this being one, the beneficiary herself must pay the tax. The defendant offers the theory that because the title to real and personal property vests in the beneficiaries at the death of the testator under Wyoming law, that there is thereby created a basis for the conclusion that all taxes are presumably paid out of the corpus of the estate and the benefits to the residuary legatee are thereby enhanced by any income accruing to the estate during the period of administration. Or, in other words, as a practicality, the legitimate disbursements of an estate must be paid out of the corpus and no income can be used for such purpose.

Much time might be taken and space consumed with a discussion of this theory and the various cases which have been cited as tending to support the same. Such action would serve no useful purpose here in an era in which it is strongly suggested that opinions by trial courts should be largely curtailed or substantially eliminated. Suffice it to say that this Court can not agree with the theory advanced by defendant. Only enough need be said to indicate the views of the Court as a basis for counsel to formulate appropriate findings and conclusions.

To say that the beneficiary under a residuary legacy through a will where no direction is made in regard to the disposition of income to the estate, where such beneficiary has no possession or control of the property, where the law provides that the executor or administrator shall receive and account for all income of such estate, where the amount the beneficiary receives in final distribution is much less than the corpus of the estate at the death of the testator and where the provisions of a Federal Statute are that estates must account for and pay taxes upon income the same as individuals, that nevertheless such beneficiary has received income upon her legacy prior to or at the time of distribution to her, is seemingly to ignore facts and distort statutes. Let the appellate courts take care of the necessary "legerdemain".

It ought to be consistent to say that the Congress has the power to say upon whom and what property the tax may be imposed and in this broad view it should make little difference what the statutes of descent and distribution may be in the different states. In any event, a construction which makes for a loss to the government here, will probably result in a gain under other facts and circumstances.

The general conclusion is that the plaintiff is entitled to recover the deficiency tax imposed upon and paid by her, with interest thereon, and counsel for plaintiff will assume the burden of presenting on or before January 8, 1942, but in collaboration with counsel for defendant, appropriate findings of fact and conclusions of law, enlarged to include all essential elements, and reserving proper exceptions to defendant. An order to this effect may be entered in due course.