## ANDERSON'S ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9859.

Circuit Court of Appeals, Ninth Circuit.

Feb. 25, 1942.

Rehearing Denied April 17, 1942.

Marshall P. Madison, Sigvald Nielson, Douglas Erskine, and Gerald S. Levin, all of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Benjamin M. Brodsky, Sp. Assts. to the Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

The correctness of a decision of the Board of Tax Appeals is challenged by the petition to review filed by the taxpayer.

Frank B. Anderson died testate on September 17, 1935, leaving an estate in excess of $2,000,000. His will declared that all his property was community property, one-half of which belonged to his wife. He left the remainder of the property to a bank as a residuary legatee to hold as trustee, with exception of certain other gifts. On December 30, 1936, the state probate court made its decree of final distribution, distributing the property. The cash remaining in the estate on that date amounted to $68,770.05. Of that amount, $1,500 was retained in the estate, and the balance, after payment of executors' and attorneys' fees, was distributed.

During the year 1936, the estate had a net income, after certain adjustments were made, of $281,994.48. The receipts constituting corpus of the estate as well as receipts of income, were commingled on the books of the executor. During 1936, the executor made cash disbursements amounting to $853,564.19 which included federal estate and state inheritance taxes amounting to $528,643.93.

The income tax return for the year 1936 filed by the executor disclosed no income taxable to the estate. The decedent's wife filed an income tax return for the year 1936, and included in it the income distributed to her. The trustee filed a like return. Respondent assessed a deficiency of tax due from the executor on the ground that the entire net income of $281,994.48 was taxable to the estate. Petitions to redetermine the tax were filed with the Board with respect to all three returns. The Board sustained respondent's determination, and entered a decision in conformity therewith. The executor then filed in this court the petition for review of such decision.

Section 161(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 161(a) (3), provides that the taxes imposed by the act shall apply to the income of estates, including "(3) Income received by estates of deceased persons during the period of administration or settlement of the estate". Section 162(c) of the act, 26 U.S.C.A. Int. Rev.Code, § 162(c) provides in part:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that— * * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, * * * there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee,

heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

Respondent determined that the entire net income was taxable to the estate because there "were no provisions in decedent's will for distributing dividends to the widow and trust when received by the executor, and there was in fact neither segregation nor distribution of any of the stock or any of the income from it during the process of administration". On the redetermination, the Board held: (1) that the cash in the estate represented the income and was never distributed to the legatees; (2) that the estate must be liable if the legatees were not, and the legatees were not liable because what they received was a legacy, the income being a part thereof, and the legacy was received after the administration of the estate had been completed; and (3) that the question as to whether the income was distributed to the beneficiaries or used to pay debts of the estate was a question of fact, and petitioner failed to prove that the income was distributed to the legatees.

Petitioner's argument is that income "is not a heap of goods or things of value received in the year, but an accounting balance, an abstract quantity, representing the net magnitude in dollars of the flow of values to or from the taxpayer"; that the legatees did receive it included in the assets distributed to them; and that therefore the estate was entitled to a deduction for the amount of income received by it during 1936, and distributed by it to legatees during that year, under the express provision of § 162(c) above quoted.

Under § 162(c) a deduction is allowed if (1) income is received by estates during the period of administration or settlement thereof; and (2) income received during the taxable year is properly paid or credited during such year to any legatee. It is obvious here that the estate received income during 1936 and that the income was received by the estate during the period of administration or settlement of the estate.[1] The sole question is: was such income "properly paid or credited during [1936] to any legatee"?

The Revenue Act of 1918, § 219, 40 Stat. 1071, provided that a tax was imposed on the income of estates, and that such income should include the following four classes: (1) income received "during the period of administration or settlement of the estate"; (2) income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests; (3) income held for future distribution under the terms of the will; and (4) income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals. The act also provided for payment of the tax by the fiduciary on all income falling within the second and third classes, and on that part of the income described in the first class which was not "properly paid or credited to any legatee, heir or other beneficiary." It also provided for payment of a tax by the beneficiary of all income falling within the fourth class "whether or not distributed", and on that part of the income in the first class which was "properly paid or credited to any legatee, heir or other beneficiary".[2] At the same time, § 213(b) (3) of the act, 40 Stat. 1065, excluded as income the value of property acquired by gift, bequest, devise, or descent, but contained the provision that "the income from such property shall be included in gross income".

It is apparent from these provisions that Congress intended to tax all classes of income above mentioned, and recognized that the corpus to be distributed in settling the estate might be augmented by increment to

---

[1] Regulations 45, Art. 343, promulgated under the Revenue Act of 1918 provided in part:

"The 'period of administration or settlement' of the estate is the period required by the executor or administrator to perform the ordinary duties pertaining to administration, in particular the collection of assets and the payment of debts and legacies. It is the time actually required for this purpose, whether longer or shorter than the period specified in the local statute for the settlement of estates * * *"

All regulations since that time have included the identical provisions: Reg. 62, Art. 343 (1921 act); Reg. 65, Art. 343 (1924 act); Reg. 69, Art. 343 (1926 act); Reg. 74, Art. 863 and Reg. 75, Art. 863 (1928 act); Reg. 77, Art. 863 (1932 act); Reg. 86, Art. 162-1 (1934 act); and Reg. 94, Art. 162-1 (1936 act).

[2] A substantially identical provision was contained in the Revenue Act of 1916, § 2(b), 39 Stat. 757, although the form is different.

such corpus. Inasmuch as a distribution in settlement of the estate might include both corpus and increment thereof, it was not to be included in the gross income of the distributee under § 213(b) (3), probably because of the difficulty in determining what part of the distribution was corpus and what part income. Therefore, the whole distribution was excluded insofar as the distributee was concerned by § 213(b) (3).

If in addition, a deduction was also permitted to the estate under § 219, then the part of the income received by the distributee would escape taxation entirely—something not contemplated by the act.—because of the impossibility of determining how much of the distribution was income in order to tax the distributee under §. 219.

Regulations 45, Art. 341, promulgated under the 1918 act, indicates by the language used that a difference between a distribution of income as such, and a distribution of commingled corpus and income, existed:

"In the case of (a) estates of decedents *before final settlement* \* \* \* the income is taxed to the fiduciary as to any single individual, except that from the income of a decedent's estate there may first be deducted any amount properly paid or credited to a beneficiary." (Italics supplied.)

The conclusion is made clearer by Regulations 62, Art. 345, promulgated under the Revenue Act of 1921 which contained nearly identical provisions to those of the 1918 act:

"In the case of \* \* \* an estate of a decedent *before final settlement* as to any income properly paid or credited *as such* to a beneficiary, the income is taxable directly to the beneficiary or beneficiaries \* \* \*" (Italics supplied.)

Further support for that conclusion is found in Burnet v. Whitehouse, 283 U.S. 148, 151, 51 S.Ct. 374, 376, 75 L.Ed. 916, 73 A.L.R. 1534. The 1921 act authorized deductions, regarding the four classes of income above enumerated, by § 219(d), 42 Stat. 246, as follows:

"In cases under paragraph (4) \* \* \* and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but

there shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not \* \* \*"

Paragraph 4 refers to income "which is to be distributed to the beneficiaries periodically". In the case cited, it was held that the exclusion applied "only to income paid as such to a beneficiary". Since distribution of the first class of income mentioned in the above quoted statute means distribution of income "as such", there is no reason why distribution of the second class of income mentioned in the same statute (which is the class involved here) does not mean distribution of that income "as such".

While some of the Revenue Acts since the 1921 act contain changes in form, the substance is unchanged insofar as is material here. The Revenue Act of 1936, which is in question here, is substantially like the earlier acts discussed herein in the particulars mentioned. We therefore hold that the distributions involved here, were not income "properly paid or credited during [1936] to any legatee".