## FRAZER v. DRISCOLL, Former Collector of Internal Revenue.

### No. 1508.

District Court, W. D. Pennsylvania.

Sept. 11, 1942.

Reed, Smith, Shaw & McClay, W. A. Seifert, and William Wallace Booth, all of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., and Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and O. W. Hammonds, Sp. Assts. to Atty. Gen., for defendant.

GIBSON, District Judge.

Robert S. Frazer died on July 31, 1936. By his will he provided that the residue of his estate, after the payment of certain specific bequests, be divided into four equal shares, one of which was given to plaintiff, another to his son John G. Frazer, a third to his son Robert E. Frazer, and the fourth to the Union Trust Company of Pittsburgh in trust to pay the net income to the plaintiff during her life. No provision was made in regard to income of the estate pending distribution. From January 1, 1937, to November 30, 1937, the Estate of Robert S. Frazer had a net income of $16,-546.39, and on the last mentioned date the executor distributed the estate, the

undistributed net income included, to the residuary legatees.

On February 2, 1938, plaintiff filed an income tax return for the year 1937, in which she showed a tax due of $56.31. She did not report any income as received from the Estate of Robert S. Frazer.

Some months after her return plaintiff received a notice from the defendant by which it was asserted that she owed additional income tax for 1937 in the amount of $294.86, with interest. The basis of the demand was the claim that one-fourth of the net income of the Estate of Robert S. Frazer while in the hands of the executor constituted income of plaintiff for that year. The amount demanded was paid to the defendant Collector and claim for refund filed, which claim has been rejected by the Commissioner of Internal Revenue, and the present suit duly filed.

In his return for the Estate of Robert S. Frazer the executor took no deduction for income distributed to legatees for the period from January 1, 1937, to November 30, 1937. Pursuant to a report of a revenue agent the Commissioner of Internal Revenue determined that the executor was entitled to claim a deduction of $13,197.49 of the amount distributed by him (the share distributed to the Union Trust Company being excluded). In accordance with this finding a certificate of overassessment was issued and a refund allowed. Subsequent thereto the revenue agent reported that two of the legatees had filed claims for refund of the amounts paid by them after assessment as income upon them for the amounts so deducted from the Estate, and recommended that an additional tax be assessed against the Estate, so that if these legatees were successful in an action to recover the Government might collect the tax from the Estate. A waiver was thereafter filed by the executor allowing an extension of the period of assessment of taxes against the Estate.

The issue in the instant case is whether the Executor or the legatees should have paid the tax on the gain between January 1, 1937, and November 30, 1937.

Section 22(b) (3) of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev. Code, § 22(b) (3), is as follows:

"§ 22. Gross income

\*      \*      \*      \*      \*      \*

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]:

\*      \*      \*      \*      \*      \*

"(3) Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)".

Under the part of the statute quoted, if the amount distributed to the legatees was corpus of the residue of the Estate of Robert S. Frazer, then it was tax free, and the tax upon the gain while the estate was in the hands of the executor was paid by him. If the amount so distributed was part corpus and part gain of the legatees, then the gain part upon his share was taxable to each legatee as part of his income for the year.

Had the testator made provision for the payment during administration of his estate of gains to the legatees, then small ground for dispute would arise and the legatees would be taxable upon the amount so received. Or, had parts of the gains been distributed by the executor, even without the order of the Orphans Court, the income so received would be taxable to the legatee. But in the instant case the will provided for no payment of gain to legatees, and no payment was made to them prior to the award of the Orphans Court, which distributed the amount in the hands of the executor, not as corpus and gain, but as corpus—the residue of the Estate of Robert S. Frazer.

Under these facts the court is of opinion that deduction of tax upon the gain to the estate while in his hands was not allowable to the executor under Sections 161 and 162 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, §§ 161, 162, as income tax upon such gains was not chargeable to the legatees. See Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534; Sanborn v. Commissioner, 8 Cir., 88 F.2d 134, 138; Id., 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355; Weigel v. Commissioner, 7 Cir., 96 F.2d 387, 391, 117 A.L.R. 366; Anderson's Estate v. Commissioner, 9 Cir., 126 F.2d 46; Maguire v. Commissioner, 313 U.S. 1, 4, 61 S.Ct. 789, 85 L.Ed. 1149.

The pertinent sections of the Revenue Act of 1936, 49 Stat. 1648, § 22(b) (3), § 161(a) and (b), and § 162(b) and (c) are appended hereto.

840

Statutes Involved

Revenue Act of 1936, c. 690, 49 Stat. 1648:

"§ 22. Gross income

\* \* \* \* \* \*

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]:

\* \* \* \* \* \*

"(3) Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)".

"Supplement E—Estates And Trusts

"§ 161. Imposition of tax

"(a) Application of tax. The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

"(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

"(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

"(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

"(b) Computation and payment. The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor)." For return made by beneficiary, see section 142.

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \*

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

And now, to wit, September 11, 1942, the above cause having come on to be heard, upon consideration thereof, it is ordered that judgment be entered for Sarah B. Frazer, complainant, and against William Driscoll, former Collector of Internal Revenue, in the amount of three hundred twelve and 25/100 ($312.25) dollars, with interest on $300.85 from August 25, 1938, and on the sum of $11.40 from February 2, 1938, as allowed by law.