**NORRIS v. GLENN, Collector of Internal Revenue.**

**No. 424.**

District Court, W. D. Kentucky, at Louisville.

Feb. 9, 1943.

E. J. Wells, of Louisville, Ky., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Edward First, Sp. Assts. to Atty. Gen., and Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, Emma Sanders Norris, filed this action to recover from the Collector of Internal Revenue the sum of $535.66 with interest, being the amount paid by her under protest as a deficiency income tax assessment for the year 1937. The action followed a timely claim for refund and its rejection by the Commissioner of Internal Revenue.

The plaintiff's husband, A. Gillum Norris, died testate in 1935 and the Lincoln Bank & Trust Company of Louisville, Kentucky, qualified as administrator with the will annexed on June 24, 1935. His will contained the following provision: "I give and bequeath to my beloved wife, Emma Sanders Norris, all of the residue of my estate of every kind, character and description." The administrator filed its final settlement with the Jefferson County Court on May 26, 1937, and received its final discharge as administrator on July 15, 1937. It filed an income tax return for the estate for the year 1937 which showed a net taxable income of $4,723.77 and a total tax liability of $148.95, which it duly paid. The plaintiff also filed her separate income tax return for the calendar year of 1937 and paid the tax thereon. She did not include in her return any of the income received by the administrator in 1937 or any of the payments received by her from the administrator during that year. During the year 1937 the administrator had paid certain claims against the estate and in addition had paid to the plaintiff $1,000 on March 8, 1937, which it designated on its books as "cash advanced", and $1,464.88 on May 6, 1937, which it designated on its books as "balance cash on hand in final settlement of Administrator's accounts." Following the settlement the securities owned by the decedent, of a value in excess of $10,000, were also transferred to the name of the plaintiff. There was omitted from the final settlement a dividend of $350 which was received by the Administrator on May 17, 1937, and this amount was paid to the plaintiff on June 24, 1937. The Bureau of Internal Revenue increased the plaintiff's taxable income for the year 1937 by the amount of $4,743.77 which was the total of an item of $20 not now in dispute, and the total amount of the taxable income received by the Adminis-

trator in 1937. The plaintiff contends that these amounts were properly included in the income tax return of the administrator and that the additional assessment against her by reason of such payments to her was erroneous.

Section 22(b) (3) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 22(b) (3), provides that in computing the gross income of a taxpayer the value of property acquired by gift, bequest, devise or inheritance shall not be included, but such items shall be exempt from taxation. Section 161 of the Revenue Act of 1936, 26 U.S. C.A. Int.Rev.Code, § 161, provides that the taxes imposed upon individuals shall apply to the income of estates, including income received by estates of deceased persons during the period of administration or settlement of the estate, and income which in the discretion of the fiduciary may be either distributed to the beneficiary or accumulated; and that the tax shall be computed upon the net income of the estate and be paid by the fiduciary. Section 162 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code § 162, provides in part as follows:

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) * * *

"(b) * * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

The ruling in this case depends upon the proper application of the foregoing sections of the Revenue Act to the facts of this particular case.

■ The income received by the administrator during the year 1937 was income received by the estate of a deceased person during the period of administration within the provisions of Section 161(a) (3) of the Revenue Act of 1936. There was no provision by the will of A. Gillum Norris concerning the distribution of the income received by the estate during the taxable year in which it was received, and accordingly it was within the discretion of the administrator whether such income should be distributed to the legatee as received or be retained by the administrator and distributed as a part of the corpus of the estate at the time of the final settlement. If it was distributed to the beneficiary as income by the administrator it was taxable in the hands of the beneficiary under the provisions of Section 162(c) of the Revenue Act of 1936. Riker v. Commissioner of Internal Revenue, 2 Cir., 42 F.2d 150; Little v. White, Collector, 1 Cir., 47 F.2d 512; Weber v. Commissioner, 2 Cir., 111 F.2d 766. On the other hand, if it was distributed to the beneficiary as part of the corpus of the estate in the final settlement by the administrator it was properly included as income taxable for the calendar year 1937 against the administrator, and not taxable in the hands of the legatee, it being under such conditions property acquired by bequest or inheritance. Section 22(b) (3) of the Revenue Act of 1936; Anderson's Estate v. Commissioner, 9 Cir., 126 F.2d 46; Whitaker v. United States, D.C. Wyoming, 44 F.Supp. 484; Frazer v. Driscoll, D.C. W.D.Pa., 46 F.Supp. 838.

I find no basis whatsoever for the Commissioner's contention that all the income received by the administrator during 1937 should be considered as part of the taxable income of the plaintiff. A large part of what was received was paid by the administrator in satisfaction of existing claims against the estate; it never reached the custody or control of the plaintiff at any time. To hold that the amounts so paid were "properly paid or credited" to the legatee, as is required by Section 162 (c) of the Revenue Act, would be to arbitrarily ignore the realities of the case. No authority is cited in support of the contention; counsel's brief does not press the point. The assessment based on these payments was clearly erroneous.

■ Whether the payments by the administrator to the plaintiff during the year 1937 should be considered as income or be considered as distributions of the corpus of the estate at successive intervals should

not depend entirely upon the time at which the payment was made. While both the manner and time of payment may be proper factors to be considered, yet certainly time, of payment alone should not be decisive of the question. If the administrator in making the payment of $1,000 on March 8, 1937 had accompanied the payment with a letter to the plaintiff in which he advised that due to the surplus of existing assets over all unpaid liabilities he was in a position to make part distribution of the corpus of the estate, and accordingly was so doing, the payment would no doubt have to be considered as a distribution of the corpus of the estate rather than a payment of income. Certainly the administrator would be permitted to make a partial distribution of the corpus in the estate at a time before the final settlement of his accounts; such procedure should be favored by the law in that it quickens the time when the legatee will receive that portion of the estate to which she is entitled and be able to either use it or to invest it and thus carry out the testator's evident purpose. Other factors in the case can spell out this same story just as plainly as an expressed declaration on the part of the administrator. The fact that over a period of from June, 1935, to May, 1937, no periodical or regular payments were made by. the administrator to the beneficiary, that the payments under consideration were made either shortly before or at the time of the final settlement of the estate, and at a time when only a comparatively small amount of liabilities remained unpaid all point strongly to the conclusion that the payments were in the nature of a final transfer of the corpus of the estate from the administrator to the legatee. This conclusion is greatly strengthened by the fact that the administrator entered the payment of $1,000 on March 8, 1937, as "cash advanced" to Mrs. A. G. Norris, and entered the payment of $1,464.28 on May 6, 1937 as "balance cash on hand in final settlement of Administrator's accounts." These entries do not indicate in any way that the payments were in the nature of income payments, but coupled together tend to show rather strongly that the administrator was settling his accounts at the conclusion of his trust by transferring to the legatee in installments the funds .remaining after the payment of all existing liabilities. Accordingly, I am of the opinion that the payments made in 1937 were made to the legatee as transfers of the corpus of the estate rather than as income and were properly excluded by the taxpayer in making her 1937 income tax return. Judgment for the refund will go accordingly.