## DUNLOP v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13615.

Circuit Court of Appeals, Eighth Circuit.

Jan. 9, 1948.

Guy Chase, of St. Paul, Minn. (Morgan, Chase, Headley & Hoshour, of St. Paul, Minn., on the brief), for petitioner.

Harry Marselli, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., and Helen R. Carloss, Lee A. Jackson and Irving I. Axelrad, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

COLLET, Circuit Judge.

This action is to review a decision of the Tax Court of the United States sustaining the action of the Commissioner of Internal Revenue in making a deficiency income tax assessment against the estate of Ker D. Dunlop. The facts are not in dispute. Those material to the issues presented are as follows.

Mr. Dunlop was a resident of St. Paul, Minnesota, and died there intestate on May 26, 1939. He was survived by a widow, Jane C. Dunlop, a daughter, Margaret E. Dunlop, three sons, Stuart K. Dunlop, Alexander C. Dunlop and Donald C. Dunlop, and one grandson, Ker D. Dunlop. Margaret E. Dunlop and Stuart K. Dunlop were appointed administrators. His estate was duly administered in the Probate Court of Ramsey County, Minnesota. Among the assets of the estate were 2044 shares of stock of the St. Paul Union Stockyards Company (which will hereafter be referred to as the Stockyards Company) recorded on the records of the Stockyards Company in the name of decedent. On May 21, 1941, the administrators filed their final account with the Probate Court and with it their petition for an order of final distribution. The Court set the account and petition for hearing on June 17, 1941, and on that date authorized but did not enter a final decree contingent upon the payment of inheritance taxes. The receipts evidencing the payment of inheritance taxes were filed July 25, 1941. Also on July 25, 1941, the Board of Directors of the Stockyards Company declared a special dividend on its stock, stating in a letter to stockholders that it was being paid out of "paid-in surplus". The check for the dividend was made payable to the deceased Ker D. Dunlop. It was received by the administrators the next day and immediately deposited to the credit of the estate of Ker D. Dunlop. The payment of the special dividend actually resulted from the sale of a subsidiary of the Stockyards Company which had been owned by that company for a number of years. The dividend represented substantially the amount received from the sale of the subsidiary. There had at that time been no final distribution of the estate. On August 18, 1941, the Probate Court entered an order approving the administrators' accounts and entered a final decree directing distribution of the estate to the widow and heirs in the proportions to which they were entitled to it under the law of Minnesota. The special dividend amounting to $14,580 was not mentioned in the decree but it did contain the usual general clause providing that distribution should be made to the widow and heirs of "all other estate of said decedent in the State of Minnesota." The Stockyards Company shares not having been distributed [1] the widow and heirs made an agreement on August 19, 1941, by which they divided the shares of stock in such a manner as to avoid the necessity of splitting the stock into fractional shares. Thereafter, on September 11, 1941, the administrators disbursed by check the $14,580 special dividend on the 2044 shares to the widow and four of the heirs and on September 17th to the sixth, in the same proportion as their agreed division of the stock. There was a small balance left in the estate after the disbursement of the special dividend. This balance was paid to the widow and heirs by the administrators on November 3, 1941. On November 24, 1941, the administrators presented their receipts to the Probate Court and were on that date discharged.

Prior to March 15, 1942, the administrators filed their estate income tax return

---

[1] One hundred shares had been advanced to one of the heirs as a convenience to him.

for the year 1941 in which they did not report as income of the estate the special dividend. A statement attached to the return explained the receipt and disbursement of the dividend. The Commissioner thereafter ruled that the special dividend was income to the estate. The widow and the five heirs appealed to the Tax Court. Jane C. Dunlop subsequently died and Margaret E. Dunlop was appointed executrix of her estate. The executrix was substituted for Jane C. Dunlop by order of the Tax Court. That Court upheld the ruling of the Commissioner and all six parties have filed separate petitions for review of the order of the Tax Court. On motion this Court granted leave that only the petition of Margaret E. Dunlop as executrix of the estate of Jane C. Dunlop be presented and that further proceedings in the remaining causes be suspended pending the final decision in this case. The widow and each of the heirs reported their respective portions of the special dividend in their personal tax returns for the year 1941. Each has filed provisional claim for refund, the determination of which is being withheld pending the final decision of this case. The sole question for determination is whether the special dividend was properly deducted from the income of the estate for the year 1941 by the administrators.

The determinative statutory provision is Section 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162, the material portion of which is as follows:

"Sec. 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \*

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, \* \* \* there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

▅▅▅ A number of cases are cited by petitioner and respondent bearing upon the construction and proper application of the above-quoted section.[2] As will be observed from an examination of the cases cited in the margin, the prevailing, if not the universal, construction of Sec. 162(c) is that a deduction from estate income is author-

---

[2] Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; Britten v. United States, D.C.N.J., 60 F.Supp. 991; White Estate v. Commissioner, 41 B.T.A. 525; McCandless Estate, 42 B.T.A. 1309; Lynchburg Trust and Savings Bank v. Commissioner, 4 Cir., 68 F.2d 356; Commissioner v. Bishop Trust Co., 9 Cir., 136 F.2d 390; Crawford Estate v. Commissioner, 46 B.T.A. 436; 3 Cir., 139 F.2d 616; Harwood Estate v. Commissioner, 3 T.C. 1104; Igoe Estate v. Commissioner, 6 T.C. 639; Riker, Executor v. Commissioner, 2 Cir., 42 F.2d 150; Weber v. Commissioner, 2 Cir., 111 F.2d 766; Durkheimer v. Commissioner, 41 B.T.A. 585; Old Colony Trust Company v. Commissioner, 38 B.T.A. 828; County National Bank & Trust Co. v. Helvering, App.D.C., 122 F.2d 29; Rogers' Estate v. Commissioner, 1 T.C. 629; 2 Cir., 143 F.2d 695, 156 A.L.R. 1239; 323 U.S. 780, 65 S.Ct. 269, 89 L.Ed. 623; Eisenmenger v. Commissioner, 8 Cir., 145 F.2d 103, 156 A.L.R. 741;

Frazer v. Driscoll, D.C., 46 F.Supp. 838; Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534; Helvering v. Pardee, 290 U.S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365; Anderson's Estate v. Commissioner, 9 Cir., 126 F. 2d 46, certiorari denied, 317 U.S. 653, 63 S.Ct. 48, 87 L.Ed. 525; Burchenal v. Commissioner, 6 Cir., 150 F.2d 482; Chambers v. Commissioner, 3 Cir., 77 F. 2d 95; Commissioner v. Crawford's Estate, 3 Cir., 139 F.2d 616; Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365; Norris v. Glenn, D.C. W. D.Ky., 48 F.Supp. 673; Sanborn v. Commissioner, 8 Cir., 88 F.2d 134, certiorari denied, 301 U.S. 700, 57 S.Ct. 930, 81 L.Ed. 1355; Weigel v. Commissioner, 7 Cir., 96 F.2d 387, 117 A.L.R. 366; Wilcox v. Commissioner, 43 B.T.A. 931; Anderson v. Wilson, 289 U.S. 20, 53 S.Ct. 417, 77 L.Ed. 1004; Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665; United States v. Britten, 3 Cir., 161 F. 2d 921.

ized when income is received by the representatives of the estate and passed on to the legatees or distributees during the year as income. If the income coming into the hands of the representatives of the estate is subsequently disbursed to the legatees or distributees as their partial or final distributive portion of the estate it loses its characteristic as income and becomes "property acquired by gift, bequest, devise, or inheritance" which, by Sec. 22(b) (3), 26 U.S.C.A. Int.Rev.Code, § 22(b) (3), is not subject to income tax.

 The special dividend herein involved was not paid to the distributees of this estate as income to them. Under the law of Minnesota the adminstrators took the title to the assets of the estate for the purposes of administration and during the period of administration until properly disbursed. Granger v. Harriman, 89 Minn. 303, 94 N.W. 869. It is true that such title is qualified by its purpose, i. e., for the marshaling of the assets, payment of debts, the proper distribution to those entitled to the net assets, and the usual incidents of administration. And, although the right to so much of the personalty of the estate as exists after proper administration vests in the heirs or devisees immediately upon the death of the owner, that right and title is contingent upon an order of distribution or agreed division, and is subject to the title of the administrators or executors during administration. Granger v. Harriman, supra; Brewster v. Gage, 280 U.S. 327, 50 S.Ct. 115, 74 L.Ed. 457; United States v. Britten, 3 Cir., 161 F.2d 921; In re Bergman's Estate, 182 Minn. 128, 233 N.W. 806.

 The special dividend was paid by the Stockyards Company to the administrators of the estate of Ker D. Dunlop. The stock on account of which the dividend was issued was held by the administrators as an asset of the estate. That stock was recorded in the name of Ker D. Dunlop. The dividend check was issued to Ker D. Dunlop. It was deposited in the estate account. Only after an order of final distribution and the parties had agreed upon a division of the stock and filed that agreement with the Probate Court did the administrators disburse the dividend. And then

the disbursement was made in accordance with the division of the stock made subsequent to the receipt by the estate of the dividend. There was no will which required that any income should be passed on to the heirs as income to them immediately upon receipt by the administrators. We find no provision of the law of Minnesota making any such requirement. It is of no moment whether the administrators could have passed the dividend on to the heirs as income (if it was in fact income and not corpus of the estate) when the evident fact is that they did not do so or attempt to do so. The distribution made to petitioner was in the normal and usual course of administration from the assets of the estate. This distribution not having been made of and as income to her, the question of whether the special dividend actually constituted a distribution of capital assets of the Stockyards Company to the estate and hence came to the estate as corpus thereof need not be determined.

The decision of the Tax Court is affirmed.