## Appeal of MARINDA LEITH.

Docket No. 3594.    Submitted January 19, 1926.    Decided March 31, 1926.

*Hewitt Griggs Robertson, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

Before James, Littleton, Smith, and Trussell.

This is an appeal from the determination of a deficiency in income tax for the calendar year 1919 in the amount of $4,962.21, arising from the inclusion in the gross income of the taxpayer of certain amounts alleged to have been received from the estate of William Leith.

### FINDINGS OF FACT.

The taxpayer is a resident of New Jersey. Upon the death of her husband on May 15, 1919, she qualified as one of the executors and trustees under the will and has acted as such since that time.

The will of William Leith, executed December 24, 1918, after directing that his debts and funeral expenses be paid, provides:

I give and bequeath to my executors and trustees the sum of One Hundred and Fifty Thousand ($150,000) Dollars unless the value of my estate at the time of my death shall be less than One Million ($1,000,000) Dollars, that is, unless the value of my assets, at the time of my death, after deducting my liabilities, shall be less than One Million ($1,000,000) Dollars, in which event, I give and bequeath to my executors and trustees the sum of One Hundred Thousand ($100,000) Dollars, instead of the said sum of One Hundred and Fifty Thousand ($150,000) Dollars, in trust nevertheless, to pay the income

therefrom to my beloved wife, Marinda, until my daughter, Katherine, attains the age of thirty-five (35) years, at which time I direct my executors and trustees to pay the principal of this trust to my daughter Katherine. Should my beloved wife die during the lifetime of my daughter Katherine, and before my daughter Katherine attains the age of thirty-five (35) years, this trust shall immediately cease, and the principal thereof be paid to my daughter Katherine. Should my daughter Katherine die before she attains the age of thirty-five (35) years and during the lifetime of my beloved wife, then upon the death of my daughter Katherine this trust shall cease, and the principal thereof shall be paid to her issue, should she leave issue her surviving; should she die without leaving issue her surviving, and leaving her surviving her two sisters, Margaret and Dorothy, then the principal of this trust shall, upon her death, be divided equally between my said daughters, Margaret and Dorothy; should she die without leaving issue her surviving, and leaving her surviving a sister and issue of a deceased sister, then the principal of this trust shall upon her death be equally divided between her surviving sister and the issue of her deceased sister, per stirpes and not per capita; should she die without leaving issue her surviving and leaving her surviving a sister and no issue of a deceased sister, then the principal of this trust, upon her death, shall be paid to such surviving sister; should she die without leaving issue or a sister her surviving and leaving her surviving issue of a deceased sister or sisters, then upon her death the principal of this trust shall be divided between the issue of such deceased sister or sisters; if there be issue of two deceased sisters, such issue shall take per stirpes and not per capita.

In paragraphs 4 and 5 of the will, the decedent created similar trusts for his daughters Margaret and Dorothy.

In paragraph 6 he bequeathed $15,000 to his executors and trustees, in trust to pay the income therefrom to his nephew, Sidney Leith, during his life, and upon his death to divide the sum equally between the decedent's surviving children and the issue of any deceased child, *per stirpes*.

In paragraph 7 he bequeathed to his executors the sum of $6,000, in trust to pay the income therefrom to his niece, Camilla Opper, during her life, with remainder to his surviving children and the issue of any deceased child.

In paragraph 8 he bequeathed $3,000 to his niece, Dora Fishel Popper, and, in paragraph 9, the sum of $2,000 to his nephew, Henry Levy.

In paragraph 10 he bequeathed to his executors and trustees the sum of $20,000, in trust—

To pay from the income thereof to Alice Levy, widow of my deceased brother, Samuel Levy, the sum of Eighty ($80) Dollars per month during her life, she having given to me the sum of Thirteen Thousand One Hundred and Ninety-four ($13,194) Dollars, and I having agreed in consideration thereof to pay to her during her life the sum of Eighty ($80) Dollars per month, and at her death this trust shall cease, and if at that time she shall not have received from me and from my executors and trustees, from June 1st, 1916, on account of said agreement or otherwise the sum of Six Thousand Five Hundred and Ninety-seven ($6,597) Dollars, then I direct my executors

and trustees to pay from the principal of this trust to my nephew, Sidney Leith, formerly known as Sidney Levy, the difference between the amount she shall have received and said sum of Six Thousand Five Hundred and Ninety-seven ($6,597) Dollars.

In paragraph 11 he bequeathed to his gardener, Peter Juliano, $300.

In paragraph 12 he devised and bequeathed all the rest, residue and remainder of his estate, of whatsoever kind or nature, to his wife, Marinda Leith.

The executors filed a fiduciary return of income, Form 1041, for the period May 15 to December 31, 1919, which showed the taxpayer as the sole beneficiary of the estate and that certain income during that period was distributable to her. Subsequently, the executors filed an amended return for the estate on Form 1040, showing the income to be that of an estate in process of administration and settlement and the tax thereon to be payable by it. The Commissioner increased the taxpayer's income in the amount of $10,694.03, representing the income from a business conducted by the executors of the estate, and $7,712.50 and $531.59, dividends and Liberty bond interest, respectively, upon stocks and bonds held by the estate.

During the period May 15 to December 31, 1919, the estate was in the process of administration and settlement and the executors had not rendered final statement and received their discharge as executors. During this period certain amounts of money not disclosed by the record were paid over by the executors to the taxpayer.

*The deficiency for the calendar year 1919 is $4,962.21. Order of redetermination will be entered accordingly.*