HAROLD A. WHITLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HERBERT V. WHITLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOUIS I. WHITLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLARD P. WHITLOCK, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ANNIE V. WHITLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46416–46420.  Promulgated April 29, 1931.

*Albert S. Wright, Esq.*, and *William M. Sperry, 2nd, Esq.*, for the petitioners.

*E. L. Corbin, Esq.*, for the respondent.

OPINION.

SMITH : The question presented by these proceedings is whether the amounts received by the petitioners from the administrator of the estate of Willard P. Whitlock in the years 1925 and 1926 were from the capital of the estate as contended by the petitioners or in part from income as determined by the respondent. The respondent has held that all of the income of the estate in 1925, amounting to $53,878.10, was distributed to the petitioners herein with the exception of $18,696.15, which was paid for Federal estate tax. He in effect contends that the debts, administration expenses, etc., of the estate paid in 1925, amounting to $30,058.50, were paid from capital. Whether this is so is not shown by the stipulation upon which our findings are based. We do not know the date of the receipt of the cash from the sale of capital assets or the dates of receipt of the dividends and interest received in 1925, nor do we know the dates of the payments to the petitioners, the distributees. The determination of the respondent upon this point is presumed to be correct. *Thomas J. Avery*, 22 Fed. (2d) 6. For lack of evidence disproving the correctness of the respondent's determination as to the year 1925, the same is sustained.

The evidence conclusively shows that in 1926 the administrator distributed $40,080, the entire income of the estate in that year, to the petitioners. These payments were legal deductions from the gross income of the estate, since they were distributions to the beneficiaries. (Section 219 (b) (3) of the Revenue Act of 1926.) The

action of the respondent in holding the petitioners liable to income tax in respect of these receipts is sustained, upon the authority of *Harmon W. Hendricks*, 16 B. T. A. 193; affirmed in *Riker v. Commissioner*, 42 Fed. (2d) 150.

*Judgments will be entered for the respondent.*