## WEIGEL et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6113.

Circuit Court of Appeals, Seventh Circuit.
April 13, 1938.

388

Arthur R. Foss, of Chicago, Ill., for petitioners.

Louise Foster, Sp. Asst. to Atty. Gen., James W. Morris, Asst. Atty. Gen., and Sewall Key and Warren F. Wattles, Sp. Asst's. to Atty. Gen., for respondent.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

This cause is presented to this court by petition for review of a decision of the United States Board of Tax Appeals.

The material facts are as follows: By the terms of the testate's will the residue of her estate was given, devised, and bequeathed to her executors in trust during the lifetime of the decedent's husband, William B. Weigel. Part of the income of the trust was to be paid to a faithful servant and the remainder to the decedent's husband. The will also provided how the property should be disposed of thereafter. The executors named were William B. Weigel, Charles H. Alsip, and Charles B. Obermeyer. The executors were empowered "to sell or otherwise dispose of, in their discretion, for the purpose of setting apart portions of property or paying legacies, any real or personal property belonging to my estate not hereinbefore specifically devised or bequeathed, * * * and to use, in their discretion, in the payment of legacies, any bonds, stocks, or other securities at the market value thereof at the time of payment, instead of converting such securities into money."

The beneficiaries under the decedent's will survived her and were living throughout the taxable year here involved. Among the assets owned by the decedent at the time of her death were 520 shares of the capital stock of the Union Carbide & Carbon Company, which had a total fair market value at the date of her death of $111,607.60. Thereafter, those shares were increased to 1,560 shares by a stock dividend, and on August 29, 1929, the executors sold the 1,560 shares for $203,-235.10, or for a net profit of $91,627.50. The Commissioner determined that the taxable net income of the estate was $90,-061.51, representing the aforesaid profit, plus dividends and interest in the total amount of $6,539.78, reduced by deductions of $8,105.77, representing taxes and expenses. The executors during the taxable year began to set aside certain portions of the estate and to establish the trust provided for in the will. In so doing they properly paid during the taxable year to themselves, the trustees of the testamentary trust, the cash proceeds of the aforesaid sale of stock to the extent of $140,535.08. This distribution included the profit from said sale to the extent of $63,358.51. The petitioners claim that the estate is entitled to a deduction of the sum of $63,358.51.

The Commissioner determined a deficiency in income tax for the fiscal period April 1, 1929, to March 31, 1930, in the

amount of $5,619.78 and sent a notice thereof addressed as follows: "William B. Weigel, Charles H. Alsip, and Charles B. Obermeyer, Executors and Trustees, Estate of Maud Alsip Weigel, deceased, 1501 Lincoln Street, Evanston, Illinois." The petition for a redetermination of that deficiency was filed by "William B. Weigel and Charles H. Alsip, Testamentary Trustees and Surviving Former Executors, Estate of Maud Alsip Weigel, Dec'd," as petitioners. In their petition for redetermination the petitioners stated that they were individuals, the trustees of a testamentary trust created by the will of Maud Alsip Weigel, and the surviving executors of the estate of Maud Alsip Weigel, deceased. Charles B. Obermeyer was dead at the time the petition was filed.

The Board of Tax Appeals held, sustaining the Commissioner, that there was a deficiency of $5,619.78 in the income tax of the estate of Maud Alsip Weigel, deceased, for the fiscal period April 1, 1929, to March 31, 1930. The Board did not attempt to decide from whom the determined deficiency was collectible. From the Board's decision upon both points the petitioners have taken this appeal to this Court.

The basic question presented is whether the testamentary estate is entitled to a deduction of the amount of $63,358.51 of the income of the estate for the taxable year by reason of the fact that the sum of $140,535.08, which the executors properly paid to themselves as trustees of the testamentary trust, included $63,358.51 which represented taxable net income of the estate.

The petitioners also urge that the Board erred in refusing to decide whether the petitioners are liable personally or as former executors for the deficiency in tax of the estate, and in denying the motion of the petitioners as trustees to dismiss the testamentary trustees as parties petitioner.

■ It is clear that by force of the provisions of section 161(a) (3) of the Revenue Act of 1928[1] the total realized net profit of $90,061.51 is taxable as income of the estate unless some provision of the act creates an exemption or deduction.[2]

In support of their basic contention the petitioners rely upon section 162(c) of the Revenue Act of 1928, supra, 45 Stat. 838, 26 U.S.C.A. § 162(c), and note which authorizes a deduction in the case of income of estates of deceased persons equal to any amount of the income of the estate for the taxable year, "which is properly paid or credited during such year to any legatee, heir, or beneficiary."

The substance of petitioners' position is that payment by the executors of part of the amount received as taxable net income of the estate to themselves as trustees of the testamentary trust was a distribution of estate income to themselves as the residuary legatee under the will. Consistently with the foregoing, the petitioners urge that the amount so paid to themselves as trustees is taxable to the residuary legatee, i. e., to themselves as trustees.

■ In support of their contention the petitioners rely, for analogy, upon cases in which there is not present a testamentary trust to which the residue of the estate is "given, devised, or bequeathed." When no testamentary trust is involved it is consistent with the reality of the situation to hold, for purposes of section 162(c) supra, that residuary legatees who receive payments of funds composed both of original assets of the estate and of estate income, receive that portion represented by estate income as income derived from their own property. This follows from the generally recognized rule that the right of a residuary legatee to his distributive share of the personal property of an estate vests at the death of the decedent. But in the case of the creation of a testamentary trust out of the residue of an estate, the residue consisting of estate corpus and estate income, the reality, both factually and legally, is that estate income has ceased to have any identity. And it would seem to follow that fiduciaries who take the residue as the res of a testamentary trust receive it as trust corpus and not as a payment, in whole or in part, of estate income.

Respondent relies upon Burnet v. Whitehouse[3] as supporting the contention that the trustees of the testamentary trust ac-

[1] 45 Stat. 838; 26 U.S.C.A. § 161(a) (3) and note.

[2] "Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed." New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348.

[3] 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534.

quired the $63,358.51 as a "gift, bequest or devise." In that case the will of decedent provided that his executors should retain and hold any personal property belonging to decedent at the time of his death and authorized the executors to set aside and hold any part thereof to provide for any payment of an annuity given by the decedent. In accordance with the will the executors, on December 30, 1920, permanently set aside for a Memorial Home a large amount. of interest bearing securities, "but subject to taxes, annuities, and other charges." Prior to November 14, 1920, an annuity for Mrs. Whitehouse was satisfied from the corpus of the estate, but afterwards, out of income derived therefrom. The Commissioner of Internal Revenue demanded from Mrs. Whitehouse income tax for the year 1921 on the ground that an annuity given by will is payable primarily out of the income of the estate; and since the payments received by Mrs. Whitehouse during the year 1921 were made from such income it was argued by the Commissioner that the bequest could not be one of corpus, but was one to be paid as income. Since the will directed that an annuity was to be paid without reference to the existence or absence of income, there was a charge upon the whole estate during the life of the legatee, and the court held that the annuity was a gift or bequest within section 213(b) (3) of the Revenue Act of 1921.[4]

In our opinion the reasoning and holding of the Burnet Case strongly support the contention of respondent that the entire $140,535.08, which included the $63,358.51

in question, was distributable, and paid, to the trustees as trust corpus and not as trust income; and, consequently, that it was exempt from tax by reason of section 22(b) (3) of the Revenue Act of 1928, supra.[5]

Respondent also relies upon the holding and reasoning of Chambers v. Commissioner.[6] In that case the trustees, during the taxable year, sold at a profit certain securities which represented original corpus of the trust. Under state law the entire proceeds constituted corpus. The trustees distributed to the beneficiaries the capital gain derived from said sale, as well as other income, and took a deduction therefor in their tax return. The Board denied that part of the deduction covering the capital gain for the following reason: "We think the word 'income' as used in section 162(c) includes gain from the sale of corpus which is distributed as income but does not apply when under the laws of the state it is a part of the corpus of the estate and is not distributable as income."

Petitioners seek to distinguish the foregoing decision on the ground that in the present case there is not applicable any rule of state law under which capital gain or estate income, realized by sale of trust property, becomes and constitutes a part of the corpus of the trust estate. But we agree with respondent's contention that it is entirely immaterial whether realized profit becomes a part of the trust corpus because of a specific rule of state law or because of the lawful provisions of the decedent's will or of a trust instrument.[7]

---

[4] Revenue Act of 1921, c. 136, 42 Stat. 227, 233, 237, 246 (section 219).

"Sec. 210. That * * * there shall be · levied, collected, and paid for each taxable year upon the net income of every individual a normal tax of 8 per centum of the amount of the net income."

"Sec. 211. That * * * in addition to the normal tax imposed by Section 210 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every individual * * a surtax."

"Sec. 212. (a) That in the case of an individual the term 'net income' means the gross income as defined in section 213, less the deductions allowed by section 214."

"Sec. 213. That for the purposes of this title * * * the term 'gross income'—(a) Includes gains, profits, and income derived. * * * (b) Does not

include the following items, which shall be exempt from taxation under this title: * * * (3) The value of property acquired by gift, bequest, devise, or descent (but the income ·from such property shall be included in gross income)."

[5] "§ 22. Gross income

"(a) General definition. 'Gross Income' includes * * *

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]: * * *

"(3) Gifts, bequests, and devises. The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." 45 Stat. 797, 26 U.S.C.A. § 22(a), (b) (3) and note.

[6] 33 B.T.A. 1125.

[7] For related discussion see Randolph v. Com'r, 8 Cir., 76 F.2d 472.

For the purpose of imposing income taxes on estates in course of administration the Revenue Act of 1928 treats estate income as entirely separate from the corpus of the estate. And all such income is subject to income taxes to the same extent as taxes which are imposed upon individuals. But paragraph (c) of section 162 does not purport to direct or control the payment or distribution of estate income to legatees, heirs, or beneficiaries; nor to say whether estate income shall pass as income or legacy or inheritance. It merely authorizes deductions from the income taxable to the estate in an amount equal to the amount of such income "which is properly paid or credited during such year" to any legatee, or heir. The act does not define "properly paid or credited" and "properly paid or credited" must be taken to mean properly paid or credited as income. For if it is properly paid or credited as a legacy or inheritance under a will it is exempt from income tax as against the legatee or heir under section 22(b) (3) [8] and cannot be included in the computation of the net income of the legatee or heir under section 162(c); and the result would be to transform the deduction authorized by section 162(c) into an exemption. This would defeat the obvious purpose of section 162(c), which is merely to permit the shifting of the liability to account for estate income from executors or administrators to legatees or heirs to whom it has been properly paid or credited.

Congress could have provided in the Revenue Act of 1928, in the case of receipt of trustees of trust corpus which includes receipts from estate income, that deductions should be allowed in computing the net income of the estate in an amount equal to the amount of estate income which has become a part of the trust corpus. But section 162 (c) apparently deals with the situation in which executors or administrators are free to pay estate income to legatees or heirs as income earned from their respective portions of the corpus of the estate; and when such payment of estate income is not a gift, bequest, devise, or inheritance within the meaning of section 22(b) (3) of the Revenue Act of 1928.

Under the terms of the will in the instant case there can be no proper distribution of the estate income, as income, to the trustees of the testamentary trust. The term estate income when applied to any assets of the estate which were transferred or "paid" to the trustees merely designates the source of that particular portion of the residue of the estate. By the terms of the will the residue of the estate, including all estate income as well as personal property which passed to the executors, became and constituted the corpus of the trust estate; and, in our opinion, the residue of the estate was received by the trustees as a bequest or device of trust corpus and not as a payment of income, either trust or estate. The property thus received came within the classification of section 22(b) (3) and was, therefore, exempt from the tax imposed by the act of 1928.

The Board did not err in holding and deciding that there was a deficiency of $5,619.78 in the income tax of the estate for the taxable year 1929–1930.

Petitioners also make the point that the Board erred in refusing to decide whether they were liable personally or as former executors for the deficiency of taxes of the estate, and, also, in denying the motion of the petitioners as trustees to be dismissed as parties petitioner. We are of the opinion that the Board properly decided that the issue of the personal liability of executors was not before the Board and there was no error in refusing to decide that question. But in any event this court cannot direct the Board to decide that the petitioners are not personally liable for the tax. Neither can we direct the Board to find that the petitioners are not liable in their representative capacity. The most we could do would be to remand the cause with directions to consider and decide that question.

The deficiency notice issued by the Commissioner was addressed to petitioners as "executors and trustees"; and the appeal was taken to the Board by petitioners as "testamentary trustees and surviving former executors. * * *"

The Board in its opinion on March 31, 1936, found and held that the trustees did not represent the taxpayer, the estate which realized the income; that the Commissioner had made no claim that their trust estate was liable, and that it could not be held in the proceeding before the Board that the deficiency was one of the trust or for which the trust was liable as transferee. Petitioners urge that in view of the foregoing that the denial of petitioners' motion to be dismissed as parties petitioner was erroneous,

---

[8] Burnet v. Whitehouse, supra.

and ask that the Board be directed to vacate its order of denial of the motion and to enter an order dismissing the trustees as parties petitioner.

 The appeal was taken by petitioners as "testamentary trustees and surviving former executors." As trustees of the testamentary trust they had sufficient interest in the question of the tax deficiency to entitle them to notice of the Commissioner's determination of the deficiency; and likewise they had sufficient interest to entitle them to join in the appeal to the Board. Since the petitioners as trustees were not in any degree bound or prejudiced by the finding and holding by the Board, we see no reason for directing the Board to vacate its order and to enter an order dismissing the trustees as parties petitioner.

The finding and decision of the Board of Tax Appeals were correct. The decision is affirmed.