COMMISSIONER OF INTERNAL REVE-
NUE v. BISHOP TRUST CO., Limited.

No. 9832.

Circuit Court of Appeals, Ninth Circuit.

June 11, 1943.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sherley Ewing, and

Carleton Fox, Sp. Assts. to the Atty. Gen., for petitioner.

Urban E. Wild and Milton Cades both of Honolulu, T. H. (Smith, Wild, Beebe & Cades, of Honolulu, T. H., of counsel), for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Respondent is executor of the estate of John A. McCandless, deceased. Final distribution was made to respondent as testamentary trustee of the residue of the estate, including $20,504.58 received by the executor as income during the taxable year in which distribution was made. The executor, purporting to act under 26 U.S.C.A. Int.Rev.Code, § 162(c), deducted such income so distributed in returning the income of the estate for taxation. The Commissioner assessed a deficiency by reason thereof. On the executor's petition for redetermination the Board of Tax Appeals (now the Tax Court of the United States) sustained the executor and the matter is now before us on the Commissioner's petition for review of that decision.

The executor claims the deduction under 26 U.S.C.A. Int.Rev.Code, § 162, which provides:

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that * * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate * * * there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

It is the Commissioner's contention that this provision does not authorize deduction of payments except when such payments are made to and received by the distributee as income, and that in the present case the $20,504.58, although income of the estate, was distributed to the trustee as corpus of the trust rather than as income thereof, and so was not deductible by the executor from the income of the estate. In support

of his position that this payment was received by the trustee as corpus of the trust the Commissioner cites the case of Hawaiian Trust Co. v. Von Holt, 216 U.S. 367, 30 S.Ct. 303, 304, 54 L.Ed. 519. In that case there was a devise of residue to trustees with a provision that the income from "the property which shall be so distributed to" the trustees was to be paid to named beneficiaries. The court held that the language quoted indicated the testator's intent that the beneficiaries of the trust should not receive any income accruing prior to distribution to the trustees. The case of Weigel v. Commissioner of Internal Revenue, 7 Cir., 96 F.2d 387, 117 A.L.R. 366, also cited by the Commissioner, involved the same question of deduction as does the case at bar. The court there held that the language of the residuary clause indicated that all money received by the trustees as residuary legatees was to constitute corpus of the trust. Accordingly it was held that such amounts distributed to the trustees as represented income of the estate, received by the estate in the taxable year of distribution to the trustees, were not deductible under 26 U.S.C.A. Int.Rev.Code, § 162(c) in computing the taxable income of the estate. Each of these cases depends on the court's construction of the particular will involved.

 Whether the money here in question was received by the trustee as income or as corpus depends upon the effect of the language of the will under the law of the jurisdiction in which the estate is administered. Cf. Weigel v. Commissioner, supra. Administration in the present case was in Hawaii, and two cases in that jurisdiction have held it to be the general rule that when a will establishes a trust of residue to pay income to beneficiaries, the beneficiaries are entitled to income from the date of the testator's death, upon residue as subsequently determined, unless the will provides otherwise. Wilcox v. Wilcox, 1921, 26 Hawaii 219; Hawaiian Trust Co. v. Cohen, 1941, 35 Hawaii 795. In the present case the will provided that the beneficiaries' right to receive income from the trust did not begin until the date of final distribution (they being provided for by payments from the executor until that time); but there is nothing in this provision to show that the trust itself was not to have income prior to that time. In the absence of anything in the will to show that income received during administration was to become corpus of the trust, we hold that the general rule stated in the Wilcox and Hawaiian Trust Company cases, supra, applies, and the trustee was entitled to income from the date of the testator's death and received as income the money here involved.

This conclusion is reinforced by a provision of the will giving to the trustee "full power and authority to determine in doubtful cases what property or moneys received by it as my trustee is capital and what is income." It is apparent that the trustee, who is also executor, has determined that the money in question was income. The government could not be bound by any determination of the parties at variance with the true facts. Here, however, the fact in question is whether the money is to be part of the corpus of the trust. The trustee has determined that it is not, and it appearing that this determination is justified by the terms of the will and the law of Hawaii, it should be given effect here.

Our conclusion that the money was received by the trustee as income makes it unnecessary to consider whether the executor could have claimed a deduction under 26 U.S.C.A. Int.Rev.Code, § 162(c) if it had been received as corpus of the trust.

The decision of the Board of Tax Appeals is affirmed.