COMMISSIONER OF INTERNAL REVENUE v. CRAWFORD'S ESTATE et al.

No. 8196.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 4, 1943.

Decided Dec. 20, 1943.

Muriel S. Paul, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

John G. Buchanan, of Pittsburgh, Pa. (David B. Buerger and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., on the brief) for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

In this case the executors of Crawford's estate claim that they are entitled to deduct as income paid certain payments made to a trust estate created under Crawford's will. The pertinent statutory provisions are those of Section 162(c) of the Revenue Act of 1936.[1]

The facts have been stipulated. The testator was a resident of Pennsylvania. His will appointed the Union Trust Company of Pittsburgh and his wife, Annie Laurie Crawford, executors and trustees. The eighth article of the will left the residue of his property in trust. One share of the residue was to be held in trust for the decedent's minor daughter, Martha Sharp Crawford, and the other three shares were to be held in trust for his wife. We are not concerned with the trust for the benefit of the wife. Under the terms of the daughter's trust, the trustees were authorized to invest and reinvest the trust property, to collect income and pay to the trust during the daughter's minority as much of the net ncome as should be considered necessary and proper by the daughter's guardian (the testator's wife) for the minor's education and support, the unexpended income to be reinvested by the trustees and paid to the minor at majority.

The Union Trust Company, the corporate trustee, in 1935 opened a ledger with two sets of accounts. One set was entitled "Principal"; the other, "Income". These accounts were kept on a cash basis. Between April 6, 1935 and February 4, 1938, the executors transferred assets in the amount of $2,645,902.28 to the Martha Sharp Crawford trust. On December 31, 1937 the executors paid the sum of $175,000 to this trust. In their income tax return

for 1937 the executors reported this payment, $174,849.90 of it being treated by them as taxable net income (the balance being nontaxable net income) to the Martha Sharp Crawford trust. The executors thereupon deducted the $175,000 in computing the estate's net income for 1937, the taxable year in question. The Martha Sharp Crawford trust on March 15, 1938[2] reported the $174,849.90 on a fiduciary income tax return and paid income tax on it. On February 4, 1938 the respondents as executors filed their first account with the Orphans' Court of Allegheny County, Pennsylvania. Two items of this were as follows: "Advancements of income on account of distribution: To Martha Sharp Crawford Trust . . . $175,000.00" and "Advancements of principal on account of distribution: . . . To Martha Sharp Crawford Trust—$2,645,902.28". Upon September 30, 1938 the Orphans' Court entered a decree which became final ten days later, confirming the account and ordering the funds in the hands of the accountants to be paid in accordance with the schedule of distribution annexed. This schedule showed that $175,000 was paid to Annie Laurie Crawford and The Union Trust Company as "Testamentary Trustees under Article Eight of the Will for Martha Sharp Crawford * * *: Income cash advanced by Accountants". On November 2, 1939 the petitioners filed a second account with the Orphans' Court an item of which showed "Advancements of income cash on account of distribution: To Martha Sharp Crawford Trust—$175,000.00". On December 31, 1940 the Orphans' Court entered a decree confirming the account absolutely and ordering the funds in the hands of the accountants to be paid in accordance with an annexed schedule of dis-

---

[1] The provisions of Section 162(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1706, 26 U.S.C.A. Int.Rev.Code § 162 (c), are as follows:

"§ 162. Net income

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

* * * * * *

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing

the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary."

[2] The stipulation of facts states that on January 27, 1941 the trust filed a precautionary claim for refund with the Collector for transmission to the Commissioner in case it should be determined that the whole or any part of the $174,849.90 reported as income by the trust was not taxable to it.

tribution. No further account was filed by the executors prior to the hearing before the Board of Tax Appeals and the estate was still in course of administration.

The Commissioner disallowed the deduction of the $174,849.90 on the ground that the Martha Sharp Crawford trust was entitled under the eighth article of the will only to its proportionate share of the residue of Crawford's estate; that, therefore, the trust could not legally receive income and could not be liable for income tax because all that it could receive under the will was its share of the tax-exempt[3] residue. It follows, says the Commissioner, that the estate, not the trust, was liable for the tax. The executors take the contrary view.

In our opinion the income paid by the executors to the trust is precisely within the purview of Section 162(c). The trust was the beneficiary under the will. We think that it must be concluded that the $175,000 paid to the trust was income which had accumulated upon that part of the corpus in the residuary estate which was transferred by the executors to the Martha Sharp Crawford trust for the orphans' court so treated it. It is clear that the $175,000 accumulated upon the property in the executors' hands after the death of the testator and that all the income belonged to one or the other of the two trusts, the trust of the minor or that of her mother. The identity between principal and interest was preserved by the executors in their treatment of the estate. The payments of principal and interest were approved by the orphans' court. The decrees of that court are binding in the case at bar with respect to the meaning and effect of the will. The right to succeed to the property of a decedent depends on and is regulated by state law.[4] It follows that the income, in the language of the statute, was "properly paid or credited" during the taxable year to the trust.

As the Board found, the facts of the case at bar are analogous to those of the Estate of Ida A. White, 41 B.T.A. 525. The Commissioner asserts that the White case is distinguishable because White's will gave the executors a discretion to determine what securities should be retained to pay the debts and bequests due from the

estate. A similar discretion ordinarily is accorded every executor by his supervising court. In the case at bar the executors took the chance that they might make an improvident distribution and if they had distributed property necessary to pay expenses of administration, debts or bequests, they would have been personally liable. They did not do this for the orphans' court subsequently approved their distribution.

We conclude that the sum of $174,849.90 was deducted properly by the executors from the estate's income. See Commissioner v. Bishop Trust Co., 9 Cir., 136 F.2d 390; Weber v. Commissioner, 2 Cir., 111 F.2d 766; Riker v. Commissioner, 2 Cir., 42 F.2d 150; Appeal of Marinda Leith, 3 B.T.A. 1082; Harold A. Whitlock v. Commissioner, 22 B.T.A. 1355; and Carrie G. Cox v. Commissioner, 31 B.T.A. 819.

The decision of the Board of Tax Appeals is affirmed.

---

[3] Exempt, says the Commissioner, because of the provisions of Section 22(b) (3) of the Revenue Act of 1936, 26 U.S. C.A. Int.Rev.Code § 22(b) (3).

[4] See Uterhart v. United States, 240 U. S. 598, 603, 36 S.Ct. 417, 60 L.Ed. 819, and Commissioner v. Bishop Trust Co., 9 Cir., 136 F.2d 390.