## BURCHENAL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9935.

Circuit Court of Appeals, Sixth Circuit.

July 2, 1945.

---

Francis T. Bartlett, of Cincinnati, Ohio (Morss Lippincott and Francis T. Bartlett, both of Cincinnati, Ohio, on the brief), for petitioner.

S. Dee Hanson, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Helen R. Carloss, and S. Dee Hanson, all of Washington, D. C., on the brief), for respondent.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The petitioner attacks a decision of the Tax Court which denied certain deductions claimed under § 162(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162(c), for amounts distributed by the executor of an estate to himself as testamentary trustee. The estate was in process of administration during the taxable years 1939 and 1940. Under the authority of the will the petitioner as executor designated himself as trustee of the residuary trust established by the will for the benefit of the decedent's five adult children. In accordance with the terms of the will the petitioner, as trustee of the residuary trust,

succeeded to the exercise of absolute and unqualified discretion regarding the distribution of the principal and income of the trust estate in January, 1939. During the same year it was agreed by the beneficiaries and the petitioner as executor and trustee to make a distribution of the estate assets to the trustee of the residuary trust, and for that purpose to sell a substantial portion of the stock which was the principal asset of the estate. In order to avoid the payment of successive stock transfer taxes, the petitioner decided to sell the stocks and distribute the proceeds of the sale to himself as residuary trustee. Under this plan the petitioner made certain cash distributions to himself, each of which was authorized by an order of the probate court of Hamilton County, Ohio. After receiving the proceeds of the sales, the petitioner made distributions as follows:

to February 21, 1940, and anticipatory dividends of $3,782.85 which were received by the estate subsequent to February 21, 1940. The beneficiaries of the residuary trust each filed an individual tax return for the taxable years, reporting the amounts in question as income from the trust.

The Commissioner disallowed deduction of these amounts, and determined certain deficiencies in accordance with this decision. His ruling was sustained by the Tax Court with reference to all of the items in question except the dividend of $6,217.15 received by the estate in 1940, which the Tax Court held was properly deductible. The controlling section reads as follows:

Section 162. "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \*

### 1939

| Date | Sales of Securities— Receipts by | Taxable Capital Gains | Amounts Distributed to Trustee | Date of Distribution to Trustee |
|---|---|---|---|---|
| Jan. 16...... | $ 75,647.46 | $ 9,182.35 | $ 66,000.00 | Jan. 16 |
| | | | 6,500.00 | Jan. 17 |
| | | | 3,200.00 | June 10 |
| July 11...... | 58,572.59 | 11,166.79 | 58,572.59 | July 11 |
| Sept. 22....., | 21,868.87 | 2,898.94 | 21,868.87 | Sept. 21 |
| | | | 4,003.50 | Nov. 15 |
| Dec. 20...... | 19,115.40 | 3,261.86 | 19,115.40 | Dec. 22 |
| Totals.. | $175,204.32 | $26,509.94 | $179,260.36 | |

### 1940

| Date | Sales of Securities— Receipts by | Taxable Capital Gains | Amounts Distributed to Trustee | Date of Distribution to Trustee |
|---|---|---|---|---|
| Jan. 19) Jan. 31) Feb. 19) .... Apr. 12) .... | $ 34,163.09 23,738.59 | $ 6,969.86 4,869.14 | $ 47,600.28 23,739.60 | Feb. 21 May 31 |
| Totals.. | $ 57,902.69 | $11,838.06 | $ 71,339.88 | |

The petitioner deducted for the year 1939 an item which included $26,509.94 taxable capital gains derived from sales of securities as an "amount distributable to beneficiaries." The return for 1940 claimed a deduction for "amount distributable to beneficiaries" of $21,838.06, of which $11,839.06 consisted of taxable capital gains derived from sales of securities, and dividend income to the estate of $10,000. The $10,000 dividend item was distributed to the residuary trustee February 21, 1940, and consisted of dividends of $6,217.15 received by the estate from January 1, 1940,

"(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in

computing the net income of the legatee, heir, or beneficiary * * *."

■ The sole question is whether the estate is entitled to the deduction claimed. The burden is upon the petitioner to show that the case falls within the terms of the statute. Wilcox v. Commissioner of Internal Revenue, 6 Cir., 119 F.2d 899; Hord v. Commissioner of Internal Revenue, 6 Cir., 143 F.2d 73. Hence he has to show that the amounts received and claimed to be deductible are income and that during the taxable year, and during the period of administration, such amounts have been properly paid or credited to any legatee, heir, or beneficiary. Whether we consider the trustee of the residuary trust as the legatee within the purview of the statute [Commissioner of Internal Revenue v. Bishop Trust Co., Ltd., 9 Cir., 136 F.2d 390], or whether we consider that because the residuary trust was revocable by the beneficiaries they were the true owners of the estate [Cf. Richardson v. Commissioner of Internal Revenue, 2 Cir., 121 F.2d 1], the amounts were credited to a "legatee, heir, or beneficiary" during the period of administration, within the provisions of § 162(c). But these are not the only prerequisites which must be complied with in order to show that the estate may be entitled to the deduction. It is also necessary to show that the amounts were income, and were "properly paid or credited as income."

■ Clearly the amounts received from an increase in the value of stock, $26,509.94 in 1939, and $11,839.06 in 1940, are capital gains. The Tax Court correctly held that the mere fact that under the revenue laws capital net gain is taxable income does not prevent this gain from becoming part of the corpus of the estate immediately upon its realization. Helvering v. Butterworth, 290 U.S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365; Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534. Such gain is actually part of the corpus of the trust, and it cannot be properly credited as income.

The law of the State of Ohio is in accord with this conclusion. It is not shown that the will contained any direction as to whether such accretions are to be considered as principal or income. Under the circumstances, the case of Devenney v. Devenney, 74 Ohio St. 96, 77 N.E. 688, declares the applicable Ohio law. It was there stated in the syllabus:

"2. As a general proposition the loss or gain in the value of securities purchased by a trustee having authority therefor should go to the diminution or accretion, as the case may be, of the principal, and not to the income, unless a contrary intention is to be inferred from the trust instrument."

■ The item of anticipatory dividends was also correctly disallowed. Since the petitioner had not received the income at the time of the distribution, it must have been paid either out of the corpus or out of the accumulated income of prior years. This deduction, therefore, was improper, as the sum was not, as required by the statute, "income of the estate or trust for its taxable year, which is properly paid or credited during such year * * *."

This conclusion is in accord with the weight of authority in similar cases. Weigel v. Commissioner of Internal Revenue, 7 Cir., 96 F.2d 387, 117 A.L.R. 366; Stickney v. Commissioner of Internal Revenue, 2 Cir., 143 F.2d 695; Chambers v. Commissioner of Internal Revenue, 3 Cir., 77 F.2d 95. Cf. County National Bank & Trust Co. of Santa Barbara v. Helvering, 74 App.D.C. 142, 122 F.2d 29, 141 A.L.R. 1048; Richardson v. Commissioner of Internal Revenue, supra, relied on by the petitioner, does not involve any question of deduction under § 162(c).

■ In addition, we think this is the sort of case in which the "informed views" of the Tax Court should not be displaced. Commissioner of Internal Revenue v. Estate of Bedford, 65 S.Ct. 1157; Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248.

The decision is affirmed.