## CARLISLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10489.

Circuit Court of Appeals, Sixth Circuit.

Feb. 2, 1948.

Charles O. DeWoody, of Cleveland, Ohio (Ashley M. VanDuzer and Charles O. De-Woody, both of Cleveland, Ohio, on the brief; McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, of counsel), for petitioner.

Morton K. Rothschild, of Washington, D. C. (Theron Lamar Caudle, Helen R. Carloss, Lee A. Jackson and Morton K. Rothschild, all of Washington, D. C., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The facts in the present tax case are simple and undisputed. Its single problem involves the effect of statutory changes made in 1942 upon the incidence of a tax upon capital gains received by the executrix of an estate in the 1942 tax year and distributed in that year to her as residuary legatee. The respondent determined that such gains must be included in the legatee's income, and assessed a deficiency. The tax court agreed and the legatee seeks review of its decision.

By the will of Tyler W. Carlisle, who died in 1940, his widow, the petitioner, was left the entire residue of the estate, with the exception of certain stocks and bonds, and was appointed executrix shortly after his death. Included in the estate were 1056 shares of Strong, Carlisle and Hammond Company stock, which was appraised for federal estate taxes in the sum of $105,-600.00. The stock was sold by the estate in 1942 for $148,606.08. 50% of the gain or $21,503.04 was concededly taxable as capital net gain. This was reported by the executrix in her fiduciary income tax return and the tax thereon paid without claim for its deduction as income distributed or distributable to her as legatee. In her individual returns for 1942 and 1943, she reported no amounts received from the estate as taxable income. The will was silent as to distribution of income during administration of the estate and the petitioner's books were kept on the cash receipts basis. Partial distributions of the corpus of the estate were made to the petitioner in negligible amounts in January and February of 1942, and the bulk of the estate, $163,114.15, was distributed to her on October 31, 1942. The third and final account of the executrix discloses that on that day she also received in kind certain

chattels and various stocks and bonds. Other than what was disclosed in her three accounts, she received no payments or distributions from the estate. She applied to the Probate Court for authority to make final distribution on January 23, 1943 and it was granted on January 25, 1943, whereupon the estate was closed. The facts found by the tax court are not disputed and the question presented is solely one of law, the petitioner contending that the capital gain involved was part of the residuary corpus of the estate received as an inheritance and so not taxable to her. The respondent asserted the gain to be income to her under applicable law, notwithstanding the fact that an income tax was paid thereon by the estate.

Prior to 1942, Sec. 22(b) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 22(b), provided that the value of property acquired by gift, bequest, devise, or inheritance need not be included in gross income, though the income from such property must be so included. In Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897, the Court held that gifts for the support of a child payable out of estate income constitute income regardless of their source, but in Burnet v. Whitehouse, 283 U.S. 148, 51 S. Ct. 374, 75 L.Ed. 916, it determined that an annuity if chargeable against corpus as well as income was exempt as a bequest, even though actually paid out of income, since it was a charge upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest.

Also prior to 1942, Sec. 162(b) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 162(b), provided that, in computing the net income of an estate or trust, there shall be allowed as a deduction in income for the taxable year amounts distributed currently to beneficiaries, but the amounts so allowed were to be included in the net income of the beneficiaries whether distributed to them or not. So it was held in Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365, that a widow who accepts a bequest of income in lieu of her statutory rights must pay the tax thereon and the trustees are entitled to a corresponding deduction from gross income. In Helvering v. Pardee, 290 U.S. 370, 54 S.Ct. 221, 78 L.Ed. 365, however, decided the same day, it was held in reliance upon Burnet v. Whitehouse, supra, that where a devise was a charge upon the whole estate distribution to a widow was a gift or legacy, even though paid out of income. These decisions led to the determination in many cases that where neither the will nor state law provided for current distribution of estate income the trustee or executor may not deduct from his return income distributed during the taxable year since such income is part of the residue of the estate. Weigel v. Commissioner, 7 Cir., 96 F. 2d 387, 117 A.L.R. 366; Burchenal v. Commissioner, 6 Cir., 150 F.2d 482; Spreckels v. Commissioner, 9 Cir., 101 F.2d 721. This was on the theory that the residue of an estate is not determinable until the completion of administration, that income earned during such period even though taxable as estate income is part of the residue as an addition to corpus and distribution thereof is in discharge of a residuary legacy and so exempt under Sec. 22(b) of the Code. We held in the Burchenal case that the Butterworth and Whitehouse cases require capital gains to be viewed as part of the corpus of an estate immediately upon their realization.

Such was the law prior to the enactment of the 1942 tax law. Therein Sec. 22(b) was amended by adding thereto the following "for the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property." It will be observed that this changes the rule of the Whitehouse case, supra, and provides for the exemption of a gift or bequest to the extent that it is paid or credited out of income, providing two conditions are present: one that distribution is required by the gift or bequest, and the other that distribution or crediting is to be made at intervals. The test applied in the Whitehouse case, namely, that the gift or bequest to be free of tax must be a charge upon the corpus of the estate, is not carried into the 22(b) amend-

ment, and it is clear from the Committee's reports (Sen. R. No. 1631, 77th Cong.2d Sess. pp. 69-73) that the Congress used the term "at intervals" deliberately. This amendment does not, however, reach the present situation or affect the rule in the Burchenal and Weigel cases, for there is here but a single major distribution and not one payable or credited at intervals under the terms of the bequest, and the 22(b) amendment which classifies distributed estate income as a bequest only when distribution or crediting is required to be made at intervals is silent as to the character of estate income not so required to be distributed or credited.

But the Congress in the 1942 Act also amended Sec. 162(b) of the Internal Revenue Code, which now reads as follows: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the *legatees, heirs, or beneficiaries*, but the amount so allowed as a deduction shall be included in computing the net income of the *legatees, heirs, or beneficiaries* whether distributed to them or not. *As used in this subsection, 'income which is to be distributed currently' includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary.* Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;" and it is about the meaning and applicability of this section, as amended by the words italicized, that the controversy revolves.

The respondent contends and the tax court held that the amendment to Sec. 162 (b) made a change in the law, and that the amendment must be correlated to the amendment made to Sec. 22(b) (3). Having modified the application of the principle of the Whitehouse case by its amendment of Sec. 22(b) (3) the Congress must likewise have intended to modify the result in Helvering v. Pardee, supra, in respect to income of an estate or trust, which within the taxable year "becomes payable" to the legatee, heir, or beneficiary. The tax court supports its contention by reference to the legislative history of the amendment and to the treasury regulations. In the latter [Sec. 29.162-2(b) of Treasury Regulations 111] it is recited that as used in Sec. 162 "the term 'income which becomes payable' means income to which the legatee, heir, or beneficiary has a present right whether or not such income is actually paid, and such right may be derived from the directions in the trust instrument or will or from the exercise of the fiduciary's discretion to distribute income or from a recognized present right under local law to obtain income or compel its distribution, and in any case income becomes payable at a date not later than the date it is actually paid for the use of the distributee."

The petitioner, however, contends that the amendment works no change in the law, that it is but clarification in language so clear as not to require construction based upon committee reports and applies only to income which is "payable" and not to income which is actually paid to the distributee. This is a case, it says, of a distribution that is not required by will or local law and so is a discretionary distribution governed by Sec. 162(c), which has not been amended; and which permits a deduction of income of the estate which is paid to the fiduciary as income but if paid or credited as a legacy is not taxable as income of the legatee under Sec. 22(b) (3), because it has become part of the residue distributed as corpus.

It must be clear from this recital of opposing contentions that some consideration must be given to the Congressional purpose if it may be derived from the legislative history of the Act. The amendment to Sec. 162(b) was not part of the Revenue Act of 1942 when it passed the House, but was added in the Senate, which explained in its report (page 71): "Your committee bill adds an amendment to Sec. 162(b) of the Code designed to include in the income of a legatee or beneficiary the income of the estate or trust for its taxable year which, within such taxable year, becomes payable to the legatee or beneficiary, even though

it then becomes payable as part of an accumulation of income held until the happening of some event which occurs within the taxable year. Such cases are usually cases where accumulated income of an estate is paid to a residuary legatee upon termination of the estate or where income of a trust is accumulated for distribution upon the beneficiary's reaching a specified age. The question of whether the income of an estate or trust for the taxable year in which it becomes payable as part of an accumulation is taxable on the one hand to the estate or trust, [or] on the other hand to the legatee or beneficiary has been a source of litigation in certain cases under existing law. This amendment is designed to clarify the law."

However inept the phrasing of the 1942 amendment to Sec. 162(b), it would appear that the Congressional purpose was to include in the income of a legatee or beneficiary the income of an estate or trust which received within the taxable year became payable to the legatee or beneficiary in that year, even though part of an accumulation of income paid to the residuary legatee upon termination of the estate. So thought the Treasury when it promulgated Regulations 111, so thought the respondent when it assessed the deficiency in the present case, and so thought the tax court when it redetermined the deficiency. While the question is one of law and administrative determinations are not upon review conclusive, they are entitled to great weight. As was said by the court in Atlantic Coast Line Railroad Co. v. Phillips, 332 U.S. 168, 67 S.Ct. 1584, 1586, "The language draws to itself presuppositions not always articulated, and even what is expressed in words may carry meaning to insiders which is not within the sure discernment of those viewing the law from a distance." Judge Learned Hand, in Federal Deposit Insurance Corp. v. Tremaine, 2 Cir., 133 F.2d 827, 830, observed: "There is no surer guide in the interpretation of a statute than its purpose when that is sufficiently disclosed; nor any surer mark of over solicitude for the letter than to wince at carrying out that purpose because the words used do not formally quite match with it." And we have been admonished

by that same judge in Cabell v. Markham, 2 Cir., 148 F.2d 737, 739, that "it is one of the surest indexes of a mature and developed jurisprudence not to make a fortress out of the dictionary." The contention that even if the Congress was motivated by a purpose to tax estate income to a legatee if it is received and is payable during the taxable year it was not its declared purpose to similarly treat estate income paid during the taxable year would seem to be but a play upon words. Certainly the petitioner in the present case is in no position to claim that estate income distributed to her in 1942 was not in that year payable to her. It is quite true that authority from the Probate Court for the October 1942 distribution was neither applied for nor allowed until January 1943, but the tax court was not in error in viewing the proceedings as mere formalization of authority exercised in 1942. Nor is there persuasiveness in the view that a provision applicable to income distributed "currently" is equivalent to one applicable to distributions "at intervals." While in some contexts the word "currently" may suggest payments that are recurrent, that is not its primary meaning, and the Congress was not at a loss to distinguish between current distributions and those made "at intervals." We think the tax court placed no erroneous interpretation on the several amendments to the 1942 Act here involved.

A final argument is pressed upon us that, as interpreted by the respondent and the tax court, there is grave doubt as to the constitutionality of the 162(b) amendment, wherefore it becomes our duty to adopt that construction which will save the statute from constitutional infirmity. We perceive no such infirmity. The capital gain here involved was taxable income, at least to the estate, if not to the legatee. But the legatee was the real party in interest in respect to the residue of the estate. This is not a case where one taxpayer is charged with a tax upon gains received by another. The Supreme Court had no difficulty in Stone v. White, 301 U.S. 532, 57 S.Ct. 851, 81 L.Ed. 1265, in denying the claim of a representative, when denial placed the burden of a tax upon the real party in interest, albeit no question of con-

stitutionality was there raised. No one, so far as we are advised, has ever claimed that either Irwin v. Gavit, supra, or Helvering v. Butterworth, supra, reached an unconstitutional result.

The decision of the tax court is affirmed.